

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-3-2007

# Williams v. Beard

Precedential or Non-Precedential: Precedential

Docket No. 06-1518

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Williams v. Beard" (2007). *2007 Decisions.* Paper 1175.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1175

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1518

JOYE WILLIAMS,
                                 Appellant

v.

JEFFERY BEARD, Secretary, PA Dept of Corrections;
JAMES GRACE, Superintendent, SCI Huntingdon;
KENNETH HOLLIBAUGH, Unit Manager SCI Huntingdon;
EMEIGH, Sergeant, Corrections Officer, SCI Huntingdon;
AMAKER, Sergeant, Corrections Officer, SCI Huntingdon;
CEVC WALL, Corrections Officer, SCI Huntingdon;
RHODES, Corrections Officer, SCI Huntingdon;
ROTH, Corrections Officer, SCI Huntingdon

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Civil No. 04-cv-02155
Magistrate Judge:  The Honorable J. Andrew Smyser

Argued:  February 1, 2007

Before: BARRY, ROTH, <u>Circuit Judges</u>, and
IRENAS,[*] <u>District Judge</u>

---

[*] The Honorable Joseph E. Irenas, Senior District Judge, United States District Court for the District of New Jersey, sitting by designation.

(Opinion Filed: April 3, 2007)

_____

Angus R. Love, Esq. (Argued)
Pennsylvania Institutional Law Project
924 Cherry Street, Suite 523
Philadelphia, PA   19107

Counsel for Appellant


Calvin R. Koons, Esq. (Argued)
Office of Attorney General of Pennsylvania
Strawberry Square, 15th Floor
Harrisburg, PA   17120

Counsel for Appellees

_____


OPINION OF THE COURT

_____


BARRY, Circuit Judge

Joye Williams was an inmate at the Pennsylvania State Correctional Institution at Huntingdon.  In September and October 2003, there was conflict between Williams and his cellmate, Ricardo Nobles.  On October 20, 2003, Williams submitted a written request to Kenneth Hollibaugh, the Unit Manager, regarding a cell transfer.  The text of the transfer request included the lines: "[M]e and my celly are having major problems and we need to be moved apart.  I fear something may happen if we are not separated and I don't want to be hurt!" App. Vol. II 107.  Hollibaugh responded by writing Williams: "Speak to the sergeant." *Id.*  The sergeant denied the transfer, citing space limitations.

On October 28, 2003, Williams submitted a second

written request to Hollibaugh regarding his security classification, but also reminding Hollibaugh of his previous transfer request – "[Y]ou know I have told you & 2 to 10 officer I have to move from my celly." *Id.* at 108.[1] Hollibaugh responded to the portion of the request regarding the security classification, but did not address the request for transfer. The following day, Nobles attacked Williams, slicing his face with a razor from the right side of his nose across the left side of his face.

On October 30, 2003, Williams filed a grievance with Hollibaugh alleging that prison staff failed to protect him from the assault. In this grievance, Williams only identified the "2-10" staff of the cell block, but did not name Hollibaugh, as he was required to do under DC-ADM 804.VI.A.l.g. of Pennsylvania Inmate Grievance System Policy.[2] Hollibaugh responded to the grievance in an Initial Review Response ("IRR") dated November 7, 2003, acknowledging conversations Williams had with the staff regarding the transfer request, but rejecting the grievance as lacking merit. Hollibaugh also asserted in the response that there was no indication of any problem prior to October 24, and asserted that Williams did not mention the transfer request to him during a discussion they had on October 28.

After appealing Hollibaugh's denial of the grievance through the prison grievance system, Williams filed a complaint in District Court in September 2004 alleging violations of his Eighth Amendment rights against Hollibaugh and other prison officials. The parties consented to proceeding before a Magistrate Judge, and the defendants moved for summary judgment. As relevant here, summary judgment was granted in

_____

[1] "2-10" refers to the shift time of the officers responsible for inmate transfers.

[2] That section provides, in relevant part, "The inmate shall include a statement of the facts relevant to the claim . . . The inmate should identify any persons who may have information that could be helpful in resolving the grievance . . . ."

3

favor of Hollibaugh because Williams procedurally defaulted his claim by not naming Hollibaugh in the initial grievance.[3] *Williams v. Hollibaugh*, No. 04-2155, 2006 U.S. Dist. LEXIS 1380, **11-25 (M.D. Pa.). Williams appeals, arguing that under *Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004), his procedural default is excused because Hollibaugh acknowledged his involvement in the events preceding the assault in the IRR he prepared in response to William's grievance. Williams also challenges the Magistrate Judge's refusal to consider evidence extrinsic to the grievance and the IRR themselves in determining whether to apply *Spruill*. We find that Williams's procedural default should be excused and, therefore, will reverse.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review of the decision of the Magistrate Judge granting summary judgment to Hollibaugh.

## I.

The Prison Litigation Reform Act of 1995 ("PLRA") requires that prisoners seeking relief in federal court must first exhaust the administrative remedies available at the prison level. 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and prisoners must exhaust all "available" remedies, even where the relief sought cannot be granted through the administrative process. *Woodford v. Ngo*, 126 S. Ct. 2378, 2382-83 (2006). Additionally, the PLRA requires "proper exhaustion," meaning that the prisoner must comply with all the administrative requirements and not merely wait until there are no administrative remedies "available." *Id.* at 2387-93. In *Spruill*, we held "that prison grievance procedures supply the yardstick" for determining what steps are required for exhaustion. 372 F.3d at 231. Here, as in *Spruill*, Pennsylvania requires that inmates

---

[3] Summary judgment was also granted in favor of the other defendants on different grounds. *Williams v. Hollibaugh*, No. 04-2155, 2006 U.S. Dist. LEXIS 1380, **25-33 (M.D. Pa.). Williams has not appealed that order.

identify "persons who may have information that could be helpful in resolving the grievance." *Id*. at 234.

Williams concedes that he procedurally defaulted when he did not name Hollibaugh in the initial grievance. He contends, however, that the IRR prepared by Hollibaugh contains language excusing the procedural default. In *Spruill*, we found that the IRR excused inmate Spruill's procedural default because, despite his failure to name in his grievance one Brian Brown, a prison physician's assistant who had seen Spruill during his medical visits, Brown was identified in the IRR as having been involved in the events of which Spruill complained. The Magistrate Judge found *Spruill* distinguishable because Hollibaugh did not indicate any recognition in the IRR that Williams was complaining about Hollibaugh's conduct. *Williams*, 2006 U.S. Dist. LEXIS 1380, at \*23.[4] Hollibaugh also wrote in the IRR that at no time did Williams mention to him during their October 28th discussion that he requested or needed a cell transfer. Williams, on the other hand, claimed at his deposition that he did just that.

In *Spruill*, the IRR "identified Brown only as someone who had seen Spruill in the course of his medical visits." 372 F.3d at 234. We held, however, that to excuse a procedural default, a prison must only "identif[y] the unidentified persons and acknowledg[e] that they were fairly within the compass of the prisoner's grievance." *Id*. In the IRR, Hollibaugh identified himself as having had a conversation with Williams and as the "Grievance Officer," i.e. the person who would be approached regarding a cell change. Hollibaugh further stated that he interviewed the 2-10 staff when he received Williams's grievance alleging that he had been assaulted by his cellmate

---

[4] To the extent that Hollibaugh suggests that because Williams was to implicate him he was entitled to notice sooner rather than later, the Supreme Court recently noted that "early notice to those who might later be sued . . . has not been thought to be one of the leading purposes of the exhaustion requirement." *Jones v. Bock*, 127 S.Ct. 910, 923 (2007).

because the staff refused to move him as he had requested. According to Hollibaugh, no one interviewed by him acknowledged, nor did he himself acknowledge, that Williams had mentioned the seriousness of the situation before the assault; indeed, they all agreed that Williams had not. This is not surprising, and it is not surprising that Hollibaugh, while admitting to a conversation with Williams, did not admit to any inaction on his part where that inaction is the very basis of the grievance. *See id.* at 234 ("[I]t is not to be expected that a response rejecting Spruill's grievance on the merits would identify any malfeasance on Brown's part."). Parenthetically, we note that it is undisputed that Hollibaugh received and responded to Williams's written request of October 20, 2003 asking to be moved because he feared he would be hurt, directly contradicting Hollibaugh's assertion in the IRR that there was no indication of any problem between Williams and his cellmate prior to October 24.

"[T]he primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Jones*, 127 S.Ct. at 923, quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). The grievance did precisely that, and the IRR evidences knowledge on the part of prison officials not only that there was a problem, but that Hollibaugh was involved.

Moreover, it would have been appropriate for the Magistrate Judge to have considered the two inmate requests submitted by Williams to Hollibaugh and signed by Hollibaugh. The Magistrate Judge's conclusion that such extrinsic evidence, which was a contemporaneous part of the prison record and bore directly on the grievance, could not be considered for purposes of determining whether the procedural default should have been excused was not required by *Spruill* or any other of our precedents. Indeed, the two requests show without question that Hollibaugh knew of Williams's attempts to be moved because of his fear of attack and that, those attempts having undisputedly been rebuffed by him, he was "fairly within the compass" of

6

Williams's grievance. *Spruill*, 372 F.3d at 234.[5]

## II.

We will REVERSE the grant of summary judgment to Hollibaugh and REMAND to the Magistrate Judge for further proceedings in accordance with this opinion.

---

[5] Given this disposition, we need not consider the other evidence proffered by Williams.