OPINION
PER CURIAM.
Mario Gause, a prisoner at the State Correctional Institution at Graterford (“Graterford”), appeals from an order of the District Court granting summary judgment in favor of the defendants in this pro se civil rights action. For the reasons that follow, we will summarily affirm.
I.
Gause alleged that on March 29, 2006, he fell on a broken grate cover while working in Graterford’s kitchen. He was sent to an outside medical facility for evaluation, after which he returned to the prison. He was observed at Graterford’s infirmary through that night and returned to the regular housing unit the following day.
Gause later filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. He named as defendants several prison officials (collectively, “Commonwealth Defendants”), alleging that they subjected him to cruel and unusual punishment. He listed three grounds for this Eighth Amendment claim: the Commonwealth Defendants’ failure to fix the grate cover in the kitchen, their refusal to bring his meals to his cell to accommodate his injuries, and their requirement that he stand once he returned to his kitchen job. Gause also named as defendants certain members of the prison’s medical staff (collectively, “Medical Defendants”), alleging that they too subjected him to cruel and unusual punishment by denying his request for infirmary housing and meals in his cell, and by delaying his medication. In addition, Gause alleged that one of the prison officials interfered with his right to access the courts. The basis for this claim was an event that occurred after Gause had returned to work in the kitchen. He claimed that another prisoner fell into him and the prison official refused to write a report about the incident.
All of the defendants moved for and were granted summary judgment by order entered January 21, 2009. The District Court found that qualified immunity shielded the Commonwealth Defendants from the Eighth Amendment claims, and that Gause’s aceess-to-the-eourts claim failed because he had not shown actual injury. In addition, the District Court found that Gause had failed to exhaust his administrative remedies as to three of the Medical Defendants, and that the actions of the other two did not rise to the level of Eighth Amendment violations. Gause filed a timely motion to alter the judgment. See Fed.R.Civ.P. 59(e). The District Court denied the motion, and Gause filed a timely notice of appeal.[1]
*134 II.
A. The Commonwealth Defendants
“Qualified immunity is an entitlement not to stand trial or face the burdens of litigation,” Saucier v. Katz, 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (internal citations omitted), that, when appropriate, serves as a shield from suit, see Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991). To determine whether a party is entitled to qualified immunity, courts are guided by two questions. See Saucier, 533 U.S. at 200, 121 S.Ct. 2151; Walter v. Pike County, 544 F.3d 182, 191 (3d Cir.2008); Pearson v. Callahan, — U.S.-, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009). One question is “whether a constitutional right [has] been violated on the facts alleged.” Saucier, 533 U.S. at 200, 121 S.Ct. 2151. The other question is whether, at the time of the incident, “the [constitutional] right was clearly established,” as measured by a reasonable-officer standard. Courts generally ask the former question first, but there is no rigid requirement for the order. Pearson, 129 S.Ct. at 818.
In this case, the District Court determined that qualified immunity protected the Commonwealth Defendants because there were no constitutional violations. Gause first alleged that the Commonwealth Defendants’ failure to fix the grate cover led to his injury. The conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). To make out an Eighth Amendment claim, the prisoner must show that the alleged deprivation was sufficiently serious and that the prison official acted with “deliberate indifference to inmate health and safety.” Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). “[Deliberate indifference” is “the equivalent of recklessly disregarding [a] risk” of serious harm to the prisoner. Id. at 836, 114 S.Ct. 1970. Allegations involving negligence do not rise to this level. See Id. at 835, 114 S.Ct. 1970.
Here, Gause makes a negligence-based claim. At best, Gause could argue that the Commonwealth Defendants were negligent in requiring him to work in the area with the broken grate. Therefore, the District Court properly held that qualified immunity shielded the Commonwealth Defendants from this claim.
Next, Gause alleged that, despite his injuries, the Commonwealth Defendants refused to provide him with meals in his cell and ordered him to stand at his job in the kitchen once he returned. However, prison officials who are not physicians cannot “be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor.” Durmer v. O’Carroll, 991 F.2d 64, 69 (3d Cir.1993). In this case, prison medical staff began treating Gause on the day that he sustained his injury. Indeed, it was the prison medical staff that concluded that cell meals were unnecessary and that Gause could return *135 to work with no requirement that he sit. The Commonwealth Defendants, who did nothing more than abide by the physicians’ recommendations, did not act with “deliberate indifference.”
Finally, Gause argued that he was denied access to the courts when a prison official refused to write an incident report after another prisoner fell into Gause.[2] Prisoners have a fundamental right to access the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). However, a prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury. Id. at 352-53, 116 S.Ct. 2174; see also Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir.1997). Actual injury occurs when a prisoner shows that a “nonfrivolous” and “arguable” claim was lost because of the denial of access to the courts. Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). In this case, Gause did not allege that the official’s refusal to write an incident report following the other prisoner’s fall impaired Gause’s ability to litigate a claim. The District Court properly dismissed this claim.
B. The Medical Defendants
In their motion for summary judgment, the Medical Defendants also argued that their actions did not rise to the level of Eighth Amendment violations.[3] Gause alleged that the doctors were “deliberately indifferent” to his medical treatment because they did not grant his request for infirmary housing and meals in his cell. When a prisoner receives medical treatment and disputes the adequacy of that treatment, we are reluctant to second guess the doctor’s medical judgment. United States ex rel. Walker v. Fayette County, 599 F.2d 573, 575 n. 2 (3d Cir.1979). In addition, mere disagreements between the prisoner and the treating physician over medical treatment do not rise to the level of “deliberate indifference.” See Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir.1987).
In this case, Gause received medical care in response to his fall in the kitchen. Indeed, his medical records show that he was seen many times by the prison medical staff and received medicine, physical therapy, and even treatment outside of the prison. His claim against the reviewing doctors amounts to no more than dissatisfaction with their denial of his request for infirmary housing and meals in his cell. This claim falls short of the standard for “deliberate indifference.” The District Court properly found that the actions of the Medical Defendants did not rise to the level of an Eighth Amendment violation.[4]
*136 Finally, Gause alleged that one of the Medical Defendants, Nwosu, ordered the "wrong pain medication.[5] This was not the case. In their motion for summary judgment, the Medical Defendants claimed that Gause asked Nwosu for Ultram, but that Nwosu, exercising medical judgment, denied the request and instead ordered Motrin. Gause did not respond. See Fed.R.Civ.P. 56(e). At most, Gause’s allegation amounts to a disagreement over the exact contours of his medical treatment. See Boring, 883 F.2d at 473. In any event, he has not shown a genuine issue for trial.
For the foregoing reasons, we conclude that this appeal presents no substantial question. Accordingly, we will affirm the judgment of the District Court.

. We have jurisdiction to hear this appeal. 28 U.S.C. § 1291. We exercise plenary re *134 view over determinations of qualified immunity, Yarris v. County of Delaware, 465 F.3d 129, 134 (3d Cir.2006), and over the statutory construction of the PLRA's exhaustion requirement, Spruill v. Gillis, 372 F.3d 218, 226 (3d Cir.2004).
When reviewing a district court's grant of summary judgment, we exercise plenary review, viewing the facts in the light most favorable to the nonmoving party. Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir.2008). Summary judgment is proper, and the moving party is entitled to judgment as a matter of law, where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir.2006).

. Gause alleges that the official "witnessed an inmate fall into an already injured Gause, but refused to file an incident report.” Pl.'s Compl. at 2A, ¶ 12. Gause does not allege that the prison official failed to file an incident report after Gause fell on the broken grate cover.

. The District Court granted summary judgment as to three of the Medical Defendants on the basis of Gause's failure to name them in his grievances. Pennsylvania inmates are required to name the subjects of their complaint, see DC-ADM 804, Part VI.A.7, simply to put "prison officials on notice of the persons claimed to be guilty of wrongdoing,” Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir.2004). In his response to Gause’s first appeal, the prison superintendent named Stefanic, one of the three, and acknowledged that Gause had been treated by three physicians and two physician’s assistants. One of the "physician’s assistants” was actually a doctor of osteopathy. In any event, the Commonwealth was on notice of the individuals involved in the incident, obviating the need for Gause to name Stefanic, Masion, and Nwosu in his grievance. See also Williams v. Beard, 482 F.3d 637, 640 (3d Cir.2007).

.While the District Court reached this question for only two of the five Medical Defen *136 dants, we conclude that this analysis applies to all five because none acted with "deliberate indifference” to Gause’s medical needs. We may affirm the District Court on any basis that finds support in the record. Fairview Twp. v. United States Envtl. Prot. Agency, 773 F.2d 517, 525 n. 15 (3d Cir.1985).

. In his original complaint, Gause claimed that Nwosu did not order the medicine. Then, in his amended complaint, Gause claimed that Nwosu ordered Motrin instead of Ultram.