OPINION
PER CURIAM.
I.
In September 2005, Appellant Judy Enders-Maden filed suit against Super Fresh Food Markets, Inc. (“Super Fresh”), her former employer. Enders-Maden alleged that while employed at Super Fresh she was sexually harassed by her supervisor, that she was given disparate treatment with respect to scheduling, wages and full-time employment status because of her gender, and that, after taking eighteen months of medical leave, her employment was terminated because of her gender. Super Fresh moved for summary judgment. Instead of filing a response to Super Fresh’s motion, Enders-Maden filed her second motion for appointment of counsel, along with a discovery request. The District Court denied the counsel motion, denied Super Fresh’s summary judgment motion as premature, and granted Enders-Maden’s discovery request.
A short period of discovery followed, at the end of which Super Fresh renewed its motion for summary judgment. After Enders-Maden twice failed to respond to Super Fresh’s renewed motion for summary judgment, the District Court granted the motion. Enders-Maden’s husband, David Maden, who is neither a party to the suit nor an attorney, then filed a “motion for change of venue.” The District Court construed the motion as a notice of appeal on behalf of Enders-Maden as to its orders denying Enders-Maden’s motions for appointment of counsel and its order granting summary judgment for Super Fresh.
Before briefing commenced, the Clerk of this Court issued an order informing Enders-Maden that since her husband “does not appear to be a licensed attorney, it is hereby ORDERED that each Appellant personally sign any and all future submissions in this case that are intended to be filed on that individual’s behalf.” Notwithstanding this order, David Maden filed a brief on behalf of Enders-Maden that only bore his signature. Super Fresh then filed its brief.
II.
We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We review the District Court’s decision to deny counsel to Enders-Maden for abuse of discretion. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir.2002). A district court abuses its discretion when its decision “rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.” Id.
*831 We exercise plenary review of the District Court’s order granting summary judgment. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir.2007). Summary judgment is proper where “the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.” Fed.R.Civ.P. 56(c). We may affirm the District Court on any grounds supported by the record. See Nicini v. Morra, 212 F.3d 798, 805 (3d Cir.2000).
III.
As a preliminary matter, we observe that Enders-Maden has failed to comply with the Clerk’s order concerning its requirement that her personal signature appear on the opening brief. This conduct has effectively deprived the Court of any reviewable basis to question the judgment below. But even if we could excuse David Maden’s improper attempt to represent Enders-Maden on appeal, the opening brief that he filed is wholly insufficient to demonstrate a genuine issue of material fact in Enders-Maden’s case.[1] Indeed, most of the brief relates only tangentially to the claims Enders-Maden raised in her complaint. At no point does the brief allege any specific errors by the District Court. In short, we have been provided with no basis for vacating the District Court’s order granting Super Fresh’s motion for summary judgment.
We also conclude that the District Court did not abuse its discretion when it denied Enders-Maden’s motions for appointment of counsel. Specifically, we agree with the District Court as to Enders-Maden’s inability to make the threshold showing of arguable merit in her case. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir.1993). Nor did the District Court abuse its discretion when it refused to let David Maden act as Enders-Maden’s legal representative. See Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir.2007) (per curiam) (“[28 U.S.C. § 1654] does not permit ‘unlicensed laymen to represent anyone else other than themselves’ ”) (quotation omitted); cf. Osei-Afriyie v. The Medical College of Pennsylvania, 937 F.2d 876 (3d Cir.1991) (non-lawyer appearing pro se may not act as attorney for his children).
IV.
Accordingly, we will affirm the judgment of the District Court.

. Insofar as David Maden alleges that Super Fresh terminated Enders-Maden's employment because of her postpartum depression, we observe that this fact was not alleged before the District Court and does not relate to Enders-Maden's contentions that she was sexually harassed by her supervisor and discriminated against by Super Fresh because of her gender.