**Elliot BATES, Appellant**

v.

**PAUL KIMBALL HOSPITAL; Saint Barnabas Health Care System; Monoc New Jersey's Hospital Service Corp.; Jackson Township Police Department; State of New Jersey.**

No. 09–2338.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 23, 2009.

Opinion filed: Sept. 24, 2009.

Elliot Bates, Jackson, NJ, pro se.

Joseph K. Cooney, Esq., Widman, Cooney & Wilson, Oakhurst, NJ, Peter Choy, Esq., Tressler, Soderstrom, Maloney & Priess, Newark, NJ, David R. Leahy, Esq., Gilmore & Monahan, Toms River, NJ, Lawrence L. McIver, Esq., Spring Lake, NJ, Rahat N. Babar, Esq., Ahsan A. Jafry, Esq., Office of Attorney General of New Jersey, Trenton, NJ, for Defendants–Appellees.

Before: SLOVITER, AMBRO and GREENBERG, Circuit Judges.

## OPINION

PER CURIAM.

Elliot Bates appeals from an order of the District Court that dismissed his amended civil rights complaint with prejudice. The District Court's decision rests on the faulty premise that Appellees, most of whom had a role in Bates' involuntary commitment, are entitled to absolute immunity from suit in federal court pursuant to state law. Nonetheless, we will affirm the District Court's order dismissing the complaint against Monmouth Ocean Hospital Service Corporation ("Monoc"), the Jackson Township Police Department ("Jackson Township")[1], the State of New Jersey ("the State"), Kimball Medical Center ("Kimball") and St. Barnabas Health Care System ("St. Barnabas") (collectively, "the Medical Facilities"), albeit on alternative grounds.

## I.

In November 2008, Bates filed an amended complaint against Kimball, St. Barnabas, Monoc, Jackson Township, and the State (collectively, "Appellees"), alleging that the circumstances of his involuntary civil commitment deprived him of certain constitutional rights. Specifically, Bates alleged that "nine Jackson Township police cars along with one civilian car with a social worker" arrived at his residence and requested that he come with them to Kimball. He alleged that he was taken from his house "against [his] will," that he was detained for eight days at both Kimball and St. Barnabas, and that he was "forced to take medication, being told all alone [sic], if you resist we will write you up as uncooperative and you will be here longer."

The District Court granted Monoc's unopposed motion to dismiss the complaint for failure to state a claim. Thereafter, the District Court granted Jackson Township's unopposed motion for summary judgment, granted Kimball's unopposed motion (treated by the Court as including St. Barnabas) to dismiss, and dismissed the complaint as against the State. The District Court determined that Appellees "are immune from liability because [N.J.S.A. 30:4–27.7] protects law enforcement officers and mental health professionals who, in good faith, transport or detain an individual for mental health purposes."[2] The District Court also cited to Bates' failure to allege bad faith on the part of any of the Appellees, as well as his failure to "assert a theory of liability against the State of New Jersey." Bates appealed.

---

1. We treat a municipality and its police department as a single entity for the purposes of § 1983 liability. *See Bonenberger v. Plymouth Township,* 132 F.3d 20, 25 n. 4 (3d Cir.1997).

2. More specifically, N.J.S.A. 30:4–27.7 immunizes state law enforcement officers, screening service or short-term care facility staff persons, emergency services or medical transport persons, and others who, "acting in good faith ... [take] reasonable steps to take custody of, detain or transport an individual for the purpose of mental health assessment or treatment." As defined in the statute, " 'emergency services or medical transport person' means a member of the first aid, ambulance, rescue squad or fire department, whether paid or volunteer, auxiliary police officer or paramedic." N.J.S.A. 30:4–27.7(b).

Bates, Jackson Township, Monoc, and the Medical Facilities all filed briefs. The State filed a motion to be excused from filing a brief and for summary affirmance.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's order. *See McGovern v. Philadelphia,* 554 F.3d 114, 115 (3d Cir.2009) (standard of review for order granting motion to dismiss); *Williams v. Beard,* 482 F.3d 637, 639 (3d Cir.2007) (standard of review for order granting summary judgment motion).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quotation omitted). Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law," Fed.R.Civ.P. 56(c), and we may affirm the District Court on any grounds supported by the record. *See Nicini v. Morra,* 212 F.3d 798, 805 (3d Cir.2000). As always, we liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam).

## III.

42 U.S.C. § 1983 provides a cause of action against "persons" who, acting under color of state law, deprive a citizen or citizens of the rights, privileges and immunities secured by the Constitution and federal law. "In a typical § 1983 action, a court must initially determine whether the plaintiff has even alleged the deprivation of a right that either federal law or the Constitution protects." *Gruenke v. Seip,*

225 F.3d 290, 298 (3d Cir.2000). Instead of performing an inquiry into the constitutionality of Appellees' actions under federal law, the District Court simply held that "all defendants are immune from liability" pursuant to a state statute: N.J.S.A. 30:4–27.7. This was error.

■ A state statute that creates immunity from suit under state law does not define the scope of immunity from suit under federal law. *See Bolden v. SEPTA,* 953 F.2d 807, 818 (3d Cir.1991) (en banc) (citing *Howlett v. Rose,* 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990)). In *Howlett,* the Supreme Court rejected the application of "a Florida law that extended immunity from state court actions under § 1983 not only to the state and its arms, but also to municipalities, counties, and school districts otherwise subject to suit under § 1983." *Id.* The *Howlett* Court recognized that a State "may not evade the strictures" of federal law or the Constitution "by denying jurisdiction to a court otherwise competent." 496 U.S. at 382, 110 S.Ct. 2430. Thus, like in *Howlett,* here we conclude that

> [i]f we were to uphold the immunity claim in this case, every State would have the same opportunity to extend the mantle of sovereign immunity to "persons" who would otherwise be subject to § 1983 liability. States would then be free to nullify for their own people the legislative decisions that Congress has made on behalf of all the People.

*Id.* at 383, 110 S.Ct. 2430.

Accordingly, we conclude that the District Court erred in finding that Appellees are immune from suit under N.J.S.A. 30:4–27.7, and dismissing Bates' amended complaint on that basis. We turn now to an individual assessment of the prospective liability of each Appellee to determine whether the District Court nevertheless reached the right result.

*Claims against MONOC*

■ To demonstrate that Bates is not entitled to relief on appeal, Monoc relies heavily on the fact that he did not oppose its motion to dismiss. It also argues that it "is not a state actor subject to liability for the constitutional allegations [Bates] apparently pursues." Most persuasive, however, is Monoc's indication that it is never specifically mentioned outside the caption of Bates' amended complaint. Indeed, Bates refers to Monoc only by implication in describing his transport from one medical facility to the next, and in complaining that he was unjustly "billed for the ambulance service which delivered me from Kimball Hospital to St. Barnabas."

In short, the allegations in Bates' amended complaint fail to state a claim of a constitutional violation that is plausible on its face as against Monoc. *See Iqbal*, 129 S.Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by *factual allegations*." *Id.* at 1950 (emphasis added). Bates' amended complaint is devoid of factual allegations concerning Monoc that would support a claim under § 1983. Therefore, it was proper for the District Court to grant Monoc's motion to dismiss for failure to state a claim.

*Claims against Jackson Township*

Jackson Township's sole argument on appeal is that it is entitled to immunity from suit under N.J.S.A. 30:4–27.7. As described above, we reject this argument. Nevertheless, Bates' pleadings are insufficient to survive summary judgment.

■ While a municipality may be liable for establishing a policy or custom that results in a constitutional violation, *see Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir.2007), the allegations in Bates' amended complaint do not even imply the existence of such a policy or custom in Jackson Township. Moreover, because he did not oppose Jackson Township's motion for summary judgment, Bates has failed show the existence of a genuine issue of a material fact or that he is entitled to judgement as a matter of law. As a result, it was proper for the District Court to grant Jackson Township's motion for summary judgment.

*Claims against the State of New Jersey*

■ As noted above, the State has moved for summary affirmance of the District Court's order. In the State's motion, it argues that "Bates does not allege a theory of liability against the State of New Jersey," that it should be excused from filing a brief, and the District Court's order dismissing Bates' case in its entirety should be affirmed. We will affirm, albeit for reasons of sovereign immunity.

The Eleventh Amendment immunizes states from suits in law or equity. *See Cory v. White*, 457 U.S. 85, 90–91, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982); *M.A. ex rel. E.S. v. State–Operated School Dist. Of City of Newark*, 344 F.3d 335, 344 (3d Cir.2003).[3] "[T]he Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar so that it need not

---

**3.** "Congress may validly abrogate the States' sovereign immunity only by doing so (1) unequivocally and (2) pursuant to certain valid grants of constitutional authority." *Horne v. Flores*, —— U.S. ——, 129 S.Ct. 2579, 2589 n. 1, 174 L.Ed.2d 406 (2009). It has not done so with respect to § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Nor do the other exceptions to Eleventh Amendment immunity apply; the State has not consented to suit, and Bates does not raise any claims "against individual state officials for prospective relief to remedy an ongoing violation of federal law." *M.A. ex rel. E.S.*, 344 F.3d at 345.

be raised in the trial court." *Edelman v. Jordan,* 415 U.S. 651, 678, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *see also Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.,* 131 F.3d 353, 365 (3d Cir. 1997). We conclude that the District Court lacked jurisdiction over Bates' claims against the State and should have dismissed those claims for that reason.[4]

*Claims against the Medical Facilities*

The Medical Facilities' brief argues that "the record below undeniably demonstrates that [they] acted in good faith and, as such, were entitled to immunity from suit." As already explained, neither the Medical Facilities, nor any other Appellee, is entitled to absolute immunity from suit under § 1983 pursuant to N.J.S.A. 30:4–27.7. Instead, the District Court should have granted the Medical Facilities' motion based on the other argument that they made below: "[a]t no time were [the Medical Facilities] acting under color of [state law] but as private health care facilities."

To state a valid claim under § 1983 against the Medical Facilities, Bates must show not only that they violated his federal rights but that they did so while acting under color of state law. *See Groman v. Twp. of Manalapan,* 47 F.3d 628, 638 (3d Cir.1995); *see also American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) ("the under-the-color-of-state-law element ... excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful'") (quotation omitted). Moreover, "[t]he color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman,* 47 F.3d at 638. The allegations in Bates' amended complaint are

wholly insufficient to carry his burden of demonstrating that the Medical Facilities acted under color of state law in conjunction with his involuntary commitment, and the District Court should have granted the Medical Facilities' motion on this basis.

IV.

For the reasons discussed in this opinion, we will affirm the District Court's order dismissing Bates' amended complaint. The State of New Jersey's motion for summary affirmance is denied.

4. Based on our liberal reading of Bates' amended complaint and responsive pleadings, and in light of the allegations made in his original complaint and on appeal, it appears that Bates' claims against the State are essentially claims of selective enforcement of the criminal code by the State police, which Bates imputes to the State.