**CLD-125**                                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2936
_____

STEVEN JEAN-PIERRE,
                                                      Appellant

v.

TOM GUBBIOTTI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 08-00991)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 25, 2011

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 16, 2011)
_____

OPINION
_____

PER CURIAM

        Steven Jean-Pierre appeals from an order of the District Court that granted the

summary judgment motion of A. Branning, and granted the Rule 12(b)(6) motions to

dismiss, without prejudice to the filing of an amended complaint, of Ronnie R. Holt, C.

1

Moore, A. Jordan, Harrell Watts, D. Scott Dodrill, and Harley G. Lappin. Jean-Pierre

also appeals from a subsequent order of the District Court granting the summary

judgment motion of Tom Gubbiotti. We will affirm.

I.

Jean-Pierre is a federal inmate formerly confined at USP Canaan. In May 2008,

Jean-Pierre filed a Bivens action against the BOP officials listed above. Jean-Pierre

alleged their complicity in disciplining him in retaliation for exercising his First

Amendment right to complain about the portion size of prison food at USP Canaan. He

also alleged that his institutional disciplinary proceedings were an affront to the Fifth

Amendment's Due Process Clause.

Defendants Holt, Dodrill, and Watts specifically sought dismissal of Jean-Pierre's

complaint based on lack of personal involvement in the alleged constitutional violation.

Defendant Lappin specifically sought dismissal on the ground that Jean-Pierre could not

maintain a claim for supervisory liability. In addition, the BOP officials as a group

sought summary judgment on the ground that "Jean-Pierre has failed to demonstrate that

his exercise of a constitutional right was a substantial factor in bringing about the

sanctions he challenges."

By order entered March 31, 2009, the District Court granted the Rule 12(b)(6) and

summary judgment motions, but granted Jean-Pierre leave to file an amended complaint

"that alleges one or more of the following: a. Sufficient facts to suggest that defendants

were engaged in a conspiracy to violate plaintiff's civil rights; [and] b. Facts

demonstrating that Jean-Pierre was treated differently than similarly situated inmates

2

during the grievance appeals process." Jean-Pierre filed an amended complaint in June 2009, adding USP Canaan grievance counselor Tom Gubbiotti as a defendant. The District Court construed the amended complaint as advancing one claim: that Gubbiotti's manner of handling Jean-Pierre's June 2007 grievance against Branning – a BOP cook foreman – deprived Jean-Pierre of his Fourteenth Amendment right to equal protection under the law. By order entered June 21, 2010, the District Court granted Gubbiotti's motion for summary judgment. Jean-Pierre timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291, and our review is plenary. See Howley v. Mellon Fin. Corp., 625 F.3d 788, 792 (3d Cir. 2010) (plenary review of orders granting summary judgment); Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010) (plenary review of order granting motions under Fed. R. Civ. P. 12(b)(6)). If an appeal fails to present a substantial question, we may summarily affirm the judgment below. See LAR 27.4; I.O.P. 10.6.

## III.

Concerning the District Court's June 21, 2010 order, we note that Gubbiotti raised as an affirmative defense Jean-Pierre's failure to exhaust his administrative remedies with respect to his equal protection claim against Gubbiotti. See Jones v. Bock, 549 U.S. 199, 216 (2007). And we agree with the District Court's conclusion that summary judgment is proper on account of that failure to exhaust. "Exhaustion is mandatory, and prisoners must exhaust all 'available' remedies, even where the relief sought cannot be granted through the administrative process." Williams v. Beard, 482 F.3d 637, 639 (3d Cir.

3

2007) (quoting <u>Woodford v. Ngo</u>, 548 U.S. 81, 85 (2006)).[1]  In addition, we have found no error in the District Court's analysis attendant to its March 31, 2009 order.

Accordingly, for the reasons just given, we will summarily affirm the judgment of the District Court.  <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.

---

[1] We further agree with the District Court that, even if Jean-Pierre had properly exhausted the claim, summary judgment would still be appropriate because there is no triable issue of fact.  <u>See</u> <u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469, 1478 (3d Cir. 1990) (plaintiffs alleging an equal protection violation must demonstrate that they received different treatment from that received by other individuals similarly situated). In opposing summary judgment, Jean-Pierre argued that he had "shown uncontested 'facts' that Gubbiotti['s] treatment towards him was 'Indifference" during the administrative remedy attempt process [sic]."  Assuming that Jean-Pierre does not conflate the words "indifferent" and "different" – and the distinction between the two is significant in the equal protection context – we note that Gubbiotti's alleged apathy toward resolving Jean-Pierre's grievance does not, without more, suggest that Jean-Pierre suffered an equal protection violation.