**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3965
_____

RAVANNA SPENCER,
                                        Appellant

v.

SERGEANT BUSH; OFFICER SCOLES; LIEUTENANT VOJACEK;
DORINA VARNER; BRIAN COLEMAN
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:09-cv-00123)
Magistrate Judge:  Honorable Susan Paradise Baxter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 15, 2013
Before:  SMITH, CHAGARES and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 21, 2013)
_____

OPINION
_____

PER CURIAM

　　　Pennsylvania state prisoner Ravanna Spencer appeals pro se from the United States

Magistrate Judge's (1) dismissal of all but one of the claims raised in Spencer's third amended

complaint, and (2) grant of summary judgment against Spencer on his remaining claim.  For

the reasons that follow, we will modify the Magistrate Judge's judgment and affirm it as modified.

I.

The relevant events occurred between December 2008 and February 2009, around the time that Spencer was on a temporary transfer to Philadelphia from the State Correctional Institution at Fayette ("SCI-Fayette"). Prior to leaving SCI-Fayette, he placed in the prison's receive and discharge area three boxes of personal property that he intended to bring with him to Philadelphia. The sheriff in charge of transporting Spencer informed him that he could bring only one box. In response — and within earshot of SCI-Fayette's Sergeant Bush — Spencer told the sheriff that he needed all three boxes because they contained legal documents pertinent to his various lawsuits. Spencer was nonetheless required to leave two boxes behind with Bush. Although prison policy called for Bush to fill out a form stating the contents of the boxes, he did not do so. Instead, he set them aside for the property officer to take back to the Restrictive Housing Unit, where Spencer would be housed upon his return.

When Spencer returned from Philadelphia in January 2009, he requested that the boxes be returned to him. SCI-Fayette's Officer Scoles brought Spencer one box, but it did not contain legal documents and Spencer denied that it belonged to him. Although Scoles and SCI-Fayette's Lieutenant Vojacek later acknowledged the existence of the two boxes that had been left behind when Spencer was transferred to Philadelphia, prison authorities have since denied having those boxes in their possession. In fact, they have asserted that Spencer's boxes were destroyed for health reasons in July 2008, several months before Spencer (indisputably)

2

left them with Bush at the discharge area.

After Spencer pursued administrative remedies, he filed a civil rights complaint with the District Court. He subsequently filed multiple amendments to that complaint. His third (and final) amended complaint, which was prepared by counsel, named the following five SCI-Fayette prison officials as defendants: Bush, Scoles, Vojacek, Chief Grievance Officer Dorina Varner, and Superintendent Brian Coleman. In this amended pleading, Spencer alleged the following legal claims: (1) interference with his access to the courts in three unrelated civil rights cases; (2) retaliation in violation of the First Amendment; (3) disparate treatment in violation of the Equal Protection Clause; (4) deprivation of property in violation of the Due Process Clause; (5) conspiracy; (6) replevin; (7) bailment; (8) conversion; and (9) intentional interference with prospective contractual relations. Spencer sought the return of his property, $75,000 in compensatory damages, and punitive damages.

Defendants moved to dismiss Spencer's third amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On April 2, 2012, the Magistrate Judge, who was presiding over the case pursuant to the parties' consent under 28 U.S.C. § 636(c)(1), granted the motion as to Spencer's retaliation, equal protection, conspiracy, replevin, bailment, conversion, and intentional interference with prospective contractual relations claims on the basis that Spencer had failed to exhaust those claims using the prison's internal remedy process. The Magistrate Judge also determined that adequate post-deprivation remedies were available to redress Spencer's due process claim. Finally, the Magistrate Judge dismissed two of Spencer's access-

to-the-courts claims, but permitted the third access-to-the-courts claim to proceed against Bush only. Thus, the only claim that survived dismissal was Spencer's access-to-the-courts claim against Bush.

After discovery relating to Spencer's remaining access-to-the-courts claim, Bush moved for summary judgment. On September 26, 2012, the Magistrate Judge granted that motion, concluding that Spencer provided no evidence that Bush had the requisite intent to deny Spencer his right to access the courts. Spencer then timely appealed.

II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the two orders at issue here is de novo. See Dique v. N.J. State Police, 603 F.3d 181, 185, 188 (3d Cir. 2010) (providing for de novo review of a grant of summary judgment and a dismissal pursuant to Rule 12(b)(6)). "We will affirm a district court's dismissal for failure to state a claim only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 772 (3d Cir. 2013) (internal quotation marks omitted). We will affirm a district court's grant of summary judgment "only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Mabey Bridge & Shore, Inc. v. Schoch, 666 F.3d 862, 867 (3d Cir. 2012) (quoting Fed. R. Civ. P. 56(a)). In reviewing the summary judgment record, we "must give the nonmoving party the benefit of all reasonable inferences." Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 330 (3d Cir. 1995). We may

4

affirm a district court's judgment on any basis supported by the record.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

We first turn to Spencer's federal law access-to-the-courts, retaliation, equal protection, due process and conspiracy claims.  "The Prison Litigation Reform Act of 1995 ('PLRA') requires that prisoners seeking relief in federal court must first exhaust the administrative remedies available at the prison level."  Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007) (citing 42 U.S.C. § 1997e(a)).  "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules — rules that are defined not by the PLRA, but by the prison grievance process itself."  Jones v. Bock, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted).  "To 'complete the administrative review process,' we have held, means 'substantial' compliance with the prison's grievance procedures."  Small v. Camden Cnty., --- F.3d ----, No. 11-2378, 2013 WL 4504761, at *5 (3d Cir. Aug. 26, 2013) (precedential opinion); see Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004) (citing Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir. 2000)).

Here, we agree with the Magistrate Judge that Spencer did not exhaust any of his federal claims against Scoles, Coleman, or Varner.  We also agree that Spencer did not exhaust his retaliation, equal protection, or conspiracy claims against Bush or Vojacek.  Although Spencer presented, for the first time, some of these claims at the third (and final) step of the administrative review process, that act alone was not enough to constitute substantial compliance with the prison's administrative remedy process.

5

To the extent that Spencer exhausted his due process claim against Bush and Vojacek, it lacks merit. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). We have previously held that a prison's grievance program may constitute a sufficient postdeprivation remedy, see Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000), and the grievance program at issue here provided Spencer with such a remedy.

Spencer's three access-to-the-courts claims against Bush and Vojacek also lack merit. To state a claim for a violation of the right to access the courts, Spencer needed to "allege actual injury, such as the loss or rejection of a legal claim," Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997), as well as allege facts indicating that this lost or rejected legal claim is non-frivolous or arguable, see Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (per curiam). Here, Spencer alleged that the defendants' actions prevented him from accessing the courts in three separate civil rights actions; however, he did not allege facts demonstrating that the documents contained in the missing boxes would have furthered one or more claims that were non-frivolous or arguable. We therefore affirm the Magistrate Judge's dismissal of all three of Spencer's access-to-the-courts claims against Vojacek, as well as her dismissal of two of Spencer's access-to-the-courts claims against Bush. We also affirm the Magistrate Judge's grant of summary judgment in favor of Bush with regard to Spencer's remaining access-to-the-courts claim.

6

All that remains before us are Spencer's state law claims. We need not decide here whether state law claims must be exhausted under the PLRA, for it appears that the Magistrate Judge should have declined to exercise supplemental jurisdiction over those claims. See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (quotation marks omitted). Accordingly, we will modify the District Court's dismissal of Spencer's state law claims to reflect that this dismissal is without prejudice to his ability to pursue those claims in state court. We express no opinion on his likelihood of prevailing in that forum.

In light of the above, we will modify the Magistrate Judge's judgment and affirm it as modified.