**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2820
_____

LONNIE SPELLMAN,
                              Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS; DEPUTY
COLLINS; SUPERINTENDENT, Facility Manager; MR. EVANS, Unit Manager;
SUPERINTENDENT FRACKVILLE SCI; DSFM DERFLER; DSCS KOVALCHIK;
P. DAMITER, Grievance Coordinator; LT. LUKASHEWSKI;
C/O 1 THROWAY, B Block Officer; CO 1 JOHNSON, B Block Officer;
CO 1 STUTZMAN, B Block Officer; MISS MIRANDA, A Block Unit Manager;
ENTIRE MEDICAL STAFF; LT. MARIARCHI, Asst. Coordinator;
ET-AL, Any and All Defendants not Mentioned but Involved; MAJOR LORADY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-10-cv-02334)
District Judge: Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 27, 2018
Before: GREENAWAY, JR., BIBAS and ROTH, Circuit Judges

(Opinion filed: October 10, 2018)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Lonnie Spellman, proceeding pro se, appeals from the District Court's entry of judgment in favor of the defendants. For the reasons that follow, we will affirm.

Spellman, an inmate at the State Correctional Institution, Frackville, Pennsylvania ("SCI-Frackville"), brought this pro se civil rights action pursuant to 42 U.S.C. § 1983 in December 2010. Spellman alleged a violation of the Eighth Amendment for his exposure to Environmental Tobacco Smoke ("ETS"), retaliation, and related claims for medical injuries. Spellman twice moved for appointment of counsel, and the District Court denied both motions. In 2015, the District Court dismissed the majority of Spellman's claims, but allowed Spellman's Eighth Amendment ETS claim against Defendants Johnson and Evans to proceed. On April 4, 2017, the District Court granted summary judgment to the defendants, and subsequently denied Spellman's motion for relief under Federal Rule of Civil Procedure 60. Spellman appeals the District Court's grant of summary judgment.[1]

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review of the District Court's order granting summary judgment in the defendants' favor. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007). Summary judgment is appropriately entered only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.[2]

---

[1] On appeal, Spellman does not challenge the District Court's October 20, 2015 Order dismissing the majority of his claims.
[2] On appeal, Spellman argues that the District Court erred in finding all material facts set forth by the defendants in their motion for summary judgment to be admitted by

2

In Helling v. McKinney, the Supreme Court recognized that a prisoner may state an Eighth Amendment claim for exposure to levels of ETS that pose an unreasonable risk of serious damage to the prisoner's future health. 509 U.S. 25, 35 (1993); see also Atkinson v. Taylor, 316 F.3d 257, 262 (3d Cir. 2003). An inmate alleging such a violation can base his claim on either a present or future injury, both types involving an objective and subjective element. For a present injury case, a plaintiff must show (1) a sufficiently serious medical need related to the ETS exposure and (2) deliberate indifference by prison authorities. Atkinson, 316 F.3d at 266. For a future injury case, a plaintiff must show (1) that "the risk of which [plaintiff] complains is not one that today's society chooses to tolerate," and (2) deliberate indifference by prison authorities. Helling, 509 U.S. at 36.

Spellman appears to allege both present and future injury claims based on ETS exposure. We agree with the District Court that Spellman has failed to show a serious medical need related to ETS exposure to support a present injury claim. The District Court found that although Spellman was seen by the prison medical department approximately seventeen times between 2010 and 2016, there is only one documented complaint related to ETS exposure. On December 30, 2015, five years after Spellman

Spellman due to his failure to comply with M.D. Pa. L.R. 56.1 (requiring a separate statement of material facts in plaintiff's response brief). This Court has previously held that a District Court cannot grant a defendant's motion for summary judgment solely on the finding that a plaintiff's response was insufficient. See Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990). However, it is clear from the District Court's written opinion that it did not grant the defendants' motion for summary judgment solely because of Spellman's failure to comply with the local rule, but instead properly analyzed the motion based on what the defendants placed before it.

filed this action, Spellman's medical record indicates that Spellman complained of a "smoking cellie" and had a history of asthma. The record further shows that Spellman was not on medication for asthma, had zero recent asthma attacks or related illnesses, and was not prescribed any change in restrictions or medication.[3] Though Spellman has insisted that he "reported to the medical department on a number of occasions to complain of ailments directly related to his exposure to ETS," Spellman has failed to provide any evidence to support this claim. Appellant's Pro Se Reply Brief, at 6.

Insofar as Spellman argues a future injury claim, we agree with the District Court that Spellman has failed to submit evidence showing that he was exposed to unreasonably high levels of ETS. Spellman makes only conclusory allegations that he was celled with inmates who "smoked cigarettes in the cell: either in [Spellman's] presence and when [Spellman] was not in the cell," and that the tobacco smoke he was exposed to "was within the unreasonably high levels of ETS." Dkt # 13, at 1–2. Spellman has not indicated how many times this occurred, how many cigarettes his cellmates smoked, or how long he was exposed to the smoke on each occasion. Helling and Atkinson require more. Compare Helling, 509 U.S. at 35 (holding that inmate, who bunked with cellmate who smoked five packs a day, was exposed to unreasonably high levels of ETS), and Atkinson, 316 F.3d at 264–65 (holding that inmate, who shared cell with two constant smokers for seven months, was exposed to unreasonably high levels of ETS), with

---

[3] Defendants also submitted an affidavit by a registered nurse working at the Pennsylvania Department of Corrections. The affidavit states that "[t]here is nothing in Mr. Spellman's medical records during this time period that indicates he has suffered from or is suffering from any illness or disease caused by second hand smoke (ETS)." Dkt # 77-5, at 3.

4

Richardson v. Spurlock, 260 F.3d 495, 498 (5th Cir. 2001) (finding that sitting near smokers sometimes is not unreasonable exposure). While the smoke may have caused Spellman discomfort, Spellman's allegations do not rise to the level of a constitutional violation.[4]

Accordingly, we will affirm the District Court's entry of judgment in favor of the defendants.

---

[4] Even assuming that Spellman could establish the objective prong of his future injury claim, the record does not support a finding of deliberate indifference by the defendants. See Farmer v. Brennan, 511 U.S. at 835. SCI-Frackville has a policy prohibiting smoking inside of its buildings. The defendants furnished evidence demonstrating citations for violations of the policy and correspondence acknowledging receipt and consideration of Spellman's grievances, allowed Spellman to change cells twice in order to accommodate his complaints, and performed two tests of the air ventilation to ensure adequate airflow. These responses by prison authorities, indicating attentiveness to the policy and awareness of and disciplining of violators—if not necessarily total success in enforcement—suggest that the defendants took Spellman's complaint seriously.