BLD-099                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3926
_____

TYREE WALLACE,
                              Appellant

v.

JANE DOE, Medical Staff; BARBARA HOLLIBAUGH, Unit Manager;
MARY LOU SHOWALTER, Corrections Health Care Administrator;
DR. KLEMICK, Medical Director; SCOTT WALTERS, Unit Manager;
JAY JOHNSON, Counselor, JANE DOE, Plumbing Supervisor;
RAYMOND W. LAWLER, Superintendant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:10-cv-00948)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 25, 2013
Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: January 31, 2013)

_____

OPINION
_____

PER CURIAM

Tyree Wallace, an inmate currently incarcerated at SCI Huntingdon in Huntingdon, Pennsylvania and proceeding pro se, appeals from an order of the United States District Court for the Middle District of Pennsylvania denying his motion to alter or amend judgment. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

I.

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. On April 28, 2008, while housed in the EA Unit at SCI Huntingdon, Wallace suffered a seizure, which he alleges rendered him unconscious for approximately one hour and forty-five minutes. During that time, he was lying against an uncovered radiator in his cell and suffered severe burns to his face, head, arm, and ear. According to Wallace, he requested to be transferred to B Block and the Special Needs Unit a number of times between 2004 and 2006 because of his seizure disorder. He was first diagnosed in 2002 and was prescribed Dilantin, an anti-seizure medication. He continued to take Dilantin from 2002 until the date of the radiator incident; however, he alleged that he had gone four days without medication prior to his seizure. Wallace also asserted that after the incident, doctors at Mercy Hospital switched his medication to Tegretol and that he has not suffered a seizure since then.

2

Wallace filed his civil rights complaint pursuant to 42 U.S.C. § 1983 in April 2010, alleging that Appellees violated his Eighth Amendment rights by providing inadequate medical care and by demonstrating a failure to protect. On January 12, 2011, the District Court dismissed Wallace's complaint against Dr. Klemick in its entirety. On June 17, 2011, the District Court granted Appellees' motion for summary judgment with respect to Wallace's inadequate medical care claim as to Jane Doe, Medical and Showalter. Hollibaugh, Johnson, Walters, Lawler, and Jane Doe, Plumbing Supervisor filed a motion for summary judgment on Wallace's failure to protect claim on September 19, 2011, and Wallace filed his opposition on November 18, 2011. On June 13, 2012, the District Court granted summary judgment in favor of Appellees and dismissed Jane Doe, Plumbing Supervisor, pursuant to Fed. R. Civ. P. 4(m) for Wallace's failure to identify and serve her. Wallace subsequently filed a motion for reconsideration of the District Court's judgment, which the District Court denied on September 13, 2012. Wallace then timely filed this appeal.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Wallace's timely appeal from the denial of his motion for reconsideration "brings up the underlying judgment for review," we will review the District Court's grants of summary judgment to Appellees and dismissals of Klemick and Jane Doe, Plumbing Supervisor as well as its denial of Wallace's motion for reconsideration. LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 225 n.6 (3d Cir. 2007); see also McAlister v. Sentry Ins. Co., 958

3

F.2d 550, 552-53 (3d Cir. 1992) ("[A]n appeal from a denial of a Motion for Reconsideration brings up the underlying judgment for review.").

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This Court affirms a district court's dismissal for failure to state a claim "only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009). Furthermore, summary judgment is appropriate only when the record "shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The moving party has the burden of demonstrating that there is no genuine issue as to any material fact, and summary judgment is to be entered if the evidence is such that a reasonable fact finder could find only for the moving party." Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

We exercise plenary review over the District Court's orders granting summary judgment and Appellee Klemick's motion to dismiss. See Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). However, we review the dismissal of a defendant on the basis of improper or failed service of

4

process for abuse of discretion. See Umbenhauer v. Woog, 969 F.2d 25, 28 (3d Cir. 1992). We review a denial of a motion for reconsideration for abuse of discretion, but review a district court's underlying legal determinations de novo and its factual determinations for clear error. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We may summarily affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

Under the Prison Litigation Reform Act ("PLRA"), inmates must exhaust their administrative remedies before filing a suit alleging specific acts of unconstitutional conduct by prison officials. 42 U.S.C. § 1997e(a). A prisoner must exhaust these remedies "in the literal sense;" no further avenues in the prison's grievance process should be available. Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004). Exhaustion must be "'proper exhaustion,' meaning that the prisoner must comply with all the administrative requirements and not merely wait until there are no administrative remedies 'available.'" Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007) (quoting Woodford v. Ngo, 548 U.S. 81, 92-103 (2006)). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).

The Pennsylvania Department of Corrections' ("DOC") grievance system requires an inmate to first file a grievance with the facility grievance coordinator. See Pa. Dep't of Corr. Policy Statement, DC-ADM 804, Part IV.A.8. The inmate may appeal the

5

coordinator's decision to the facility manager, and then may file a final appeal to the Secretary's office. See id. at Part IV.C.1, 2 and Part IV.D.1. Here, the record reflects that Wallace did not appeal the denial of his grievance alleging that he received inadequate medical care for the burns he suffered to his face and that officials inconsistently administrated his seizure medication. Furthermore, while Wallace argues that he addressed his inadequate medical care claim against Klemick in a grievance filed on May 7, 2008 and appealed on November 5, 2008, the record reflects that nowhere in that grievance does he address that claim. Furthermore, Wallace never submitted a grievance alleging that Jane Doe, Medical and Showalter provided inadequate medical care. Therefore, the District Court properly dismissed Wallace's complaint as to Klemick and granted summary judgment to Appellees Jane Doe, Medical and Showalter on Wallace's inadequate medical care claim.

To succeed on an Eighth Amendment claim for failure to protect, a plaintiff must show that: (1) "he is incarcerated under conditions posing a substantial risk of serious harm;" and (2) prison officials operated with "deliberate indifference to [his] health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994); see also Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997). A substantial risk of serious harm "may be established by much less than proof of a reign of violence and terror," but requires more than a single incident or isolated incidents. See Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985). To determine whether officials operated with deliberate indifference, courts question whether they consciously knew of and disregarded an excessive risk to the prisoner's

6

well being.  Farmer, 511 U.S. at 840-44; Hamilton, 117 F.3d at 747.  Not only must a prison official be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but the official "must also draw the inference." Farmer, 511 U.S. at 837.

Here, Wallace asserts that both he and other inmates housed in the EA Unit suffered radiator burns prior to his April 28, 2008 incident; however, the record contains no evidence to support his assertions.  Furthermore, Lawler, Walters, Johnson, and Hollibaugh all declared that they had never heard of any inmate suffering burns from the radiators prior to Wallace's incident.  Accordingly, Wallace cannot establish a substantial risk of serious harm through a single incident.  See Riley, 777 F.2d at 147.  Given that the record is devoid of any evidence that prison officials were aware of prior incidents involving inmates being burned by the radiators, Wallace cannot establish that officials could be aware of any facts from which they could draw an inference that the radiators in the EA Unit posed a substantial risk of serious harm.  See Farmer, 511 U.S. at 837. Accordingly, the District Court properly granted summary judgment to Lawler, Walters, Johnson, and Hollibaugh on Wallace's Eighth Amendment failure to protect claim.[1]

Finally, Wallace filed a motion for reconsideration of the District Court's order granting summary judgment to Appellees on his failure to protect claim.  A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in

controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). Wallace did not identify any of these factors; instead, he merely reiterated his previous argument and attempted to introduce new theories of liability, all of which were available to him before he filed this motion. Accordingly, we discern no abuse of discretion in the District Court's denial of Wallace's motion.

IV.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. See 3d Cir. L.A.R 27.4; I.O.P. 10.6. Wallace's motion for the appointment of counsel is denied.

---

[1] Because Wallace's claim against Jane Doe, Plumbing Supervisor was meritless, we need not determine whether the District Court abused its discretion in dismissing her from the suit under Fed. R. Civ. P. 4(m).