**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1645
_____

JAMES A. PALUCH, JR.,
                                        Appellant

v.

*SECRETARY PENNSYLVANIA DEPARTMENT CORRECTIONS;
JOHN S. SHAFFER; WILLIAM D. SPRENKLE; DONALD VAUGHN;
FRANKLIN J. TENNIS; TIMOTHY S. RINGLER;
ROBERT CALIK; KATHLEEN ZWIERZYNA; DENNIS P. DURANT;
MICHAEL A. FARNAN; SHARON BURKS; KRISTEN P. REISINGER;
MICHAEL P. WOLANIN; RANDY POLLOCK; JAMES L. GRACE;
MELVIN S. LOCKETT; JOHN D. FISHER; ASHLEY SMITH;
DANIEL BAIRD; RUSTY BILGER; ROBERT CRAMER; YVONNE BRIGGS;
SCI HUNTINGDON; PENNSYLVANIA DEPARTMENT OF CORRECTIONS, sued in
their individual and official capacities

*(Pursuant to Rule 43(c), Fed. R. App. P.)
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 09-cv-01522)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2011

Before:  FUENTES, GREENAWAY, JR., and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 19, 2011)

1

_____

OPINION
_____

PER CURIAM

Paluch, a state prisoner proceeding pro se, appeals from the District Court orders dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B) and denying his motion to reconsider. For the reasons that follow, we will affirm.

I

In September 2004, Paluch, then a prisoner at SCI-Huntingdon in Pennsylvania, was assaulted by his cellmate, Roger Smith, allegedly at the instigation of corrections officer John Dawson. Following the assault, Paluch filed a grievance and requested security camera footage related to the assault. The grievance was denied and Paluch unsuccessfully appealed that denial up to the Department of Corrections ("DOC") Secretary's Office of Inmate Grievances and Appeals. After failing to obtain relief through the administrative grievance process, Paluch filed in the Middle District a lawsuit against Smith, Dawson, and several other corrections officers. See Paluch v. Dawson, M.D. Pa. Civ. No. 06-cv-01751. During the course of those proceedings, Paluch learned that the surveillance footage he had requested had been copied over. In August 2009, before the Dawson trial commenced, Paluch filed a second action under 42 U.S.C. § 1983, alleging that various DOC and SCI-Huntingdon employees violated his rights under the Americans with Disabilities Act, the Fifth, Sixth, Eighth, and Fourteenth

Amendments to the Constitution, and various state tort laws. The second complaint is the subject of the instant appeal.

Paluch's second complaint, which included five counts, alleged that: (1) the DOC violated his rights by failing to establish policies and procedures to protect him, as an epileptic inmate, from assault; (2) corrections officers at SCI-Huntingdon failed to protect Paluch from further abuse because they did not file written reports about the assault by Smith to their superiors; (3) corrections officers at SCI-Huntingdon violated his rights by failing to make video recordings of the assault scene with a handheld camera for use as evidence in any future litigation; (4) DOC and SCI-Huntingdon officials violated his rights by failing to establish policies and procedures for preservation of video surveillance recordings for foreseeable litigation; and (5) corrections officer John Fisher violated Paluch's rights by failing to preserve the video surveillance footage. In Count 5, Paluch also alleged that Fisher violated his rights by failing to conduct an investigation following Paluch's filing of a formal grievance.

In an order entered November 24, 2009, the District Court dismissed Paluch's complaint under 28 U.S.C. § 1915(e)(2)(B), reasoning that Counts 1-3 were time-barred, and that Counts 4 and 5 were meritless because Paluch did not allege that he suffered any harm from the destruction of the video tape. The District Court did not address Paluch's claim that Fisher failed to conduct an investigation.

Twenty-seven days later, on December 21, 2009, Paluch filed a motion under Middle District Local Rule 7.10, styled as a "motion to reconsider," raising several

challenges to the propriety of the District Court's order dismissing his complaint. Notably, although the Clerk's Office deemed the motion filed on December 23, Paluch noted on the envelope that his motion was submitted "Per P[rison] M[ailbox] R[ule]" on December 21. The envelope was postmarked December 22, 2009. Relying on Local Rule 7.10, the District Court denied the motion as untimely. Paluch filed a notice of appeal, which was timely as to the order denying his motion to reconsider.

## II

We have jurisdiction pursuant to 28 U.S.C. § 1291. At the outset, we must address the scope of our jurisdiction, which is potentially limited by the District Court's dismissal of Paluch's motion to reconsider as untimely. We note first that, although Paluch's pro se motion to reconsider cited only Middle District Local Rule 7.10, because the motion was, in substance, an attack on the legal determination made by the District Court in dismissing Paluch's complaint, it also amounted to a motion to alter or amend the judgment, which is governed by Federal Rule of Civil Procedure 59(e). See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003); see also Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988) ("[T]he function of the motion, not the caption, dictates which Rule applies . . . ."). Federal Rule of Appellate Procedure 4(a)(4)(A)(iv) provides that a timely motion for reconsideration under Rule 59(e) tolls the time to file a notice of appeal. Thus, if Paluch's motion to reconsider was, in fact, timely, we may review both the denial of that motion and the order dismissing Paluch's complaint under 28 U.S.C. § 1915(e)(2)(B). We conclude that Paluch's motion to reconsider was timely filed.

Until December 1, 2009, both Rule 59(e) and Local Rule 7.10 afforded a litigant 10 days following an order or judgment to file a motion to reconsider. Effective December 1 -- after the District Court dismissed Paluch's complaint, but before he sought reconsideration -- the Rules were amended. Rule 59(e) was changed to impose a 28-day time limit, whereas Local Rule 7.10 afforded only 14 days to file a motion to reconsider. These changes give rise to two questions: Did the District Court appropriately apply the amended rules to Paluch's case? And did the District Court err in relying on the shorter limitations period to dismiss Paluch's complaint? We answer both questions in the affirmative.

As explained above, Rule 59 governed Paluch's motion to reconsider. Generally, when amended procedural rules take effect during the pendency of a case, the amended rules will be given retroactive application to the maximum extent possible, unless doing so would work injustice. See Freudensprung v. Offshore Technical Servs., Inc., 379 F.3d 327, 335 n.2 (5th Cir. 2004). In promulgating the 2009 amendments to the Federal Rules, the Supreme Court ordered that "the [amendments] . . . shall govern in all proceedings [commenced after December 1, 2009,] and, *insofar as just and practicable*, all proceedings then pending." Order of the United States Supreme Court Amending the Federal Rules of Civil Procedure (March 26, 2009) (emphasis added). In applying amended Local Rule 7.10, we understand the District Court to have concluded that it was just and practicable to afford Paluch the additional time granted by the amended rule. In turn, we conclude that it would have been equally just and practicable to give Paluch the

28 days prescribed by amended Rule 59(e).

Next, we turn to the District Court's application of Local Rule 7.10's 14-day limitations period. "District Courts are authorized to prescribe rules for the conduct of court business so long as those rules are consistent with the Acts of Congress and the Federal Rules of Civil Procedure." Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 173 (3d Cir. 1990); see also 28 U.S.C. § 2071(a); Fed. R. Civ. P. 83(a)(1). Thus, a local rule that conflicts with an applicable federal rule is generally invalid. See In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 459 (3d Cir. 2000). Because Paluch's motion to reconsider should have been subject to the 28-day limit in amended Rule 59(e), amended Local Rule 7.10 did not apply to the extent that it cut short Paluch's opportunity to seek reconsideration under Rule 59(e).[1]

Finally, we consider whether, applying amended Rule 59(e), Paluch's motion was timely. The District Court dismissed his complaint on November 24, 2009. His motion thus had to be filed on or before December 22, 2009, to be timely. Because Paluch is a prisoner, he receives the benefit of the "prison mailbox rule," and his motion was deemed filed at the time he delivered it to prison authorities for forwarding to the District Court. See Houston v. Lack, 487 U.S. 266, 276 (1988). His motion was postmarked December 22, meaning that it was delivered to prison authorities on that date, at the latest, and was

---

[1] We note that the 2010 amendment to Local Rule 7.10 avoids this problem by exempting from the 14-day time limit "a motion to alter or amend a judgment under Fed. R. Civ. P. 59."

therefore timely. Thus, his motion to reconsider tolled the time to appeal, and we have jurisdiction to review both the dismissal of his complaint and the denial of his motion to reconsider.

### III

We turn next to the merits of Paluch's appeal. We exercise plenary review over the District Court's order dismissing his complaint. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). We may affirm on any ground supported by the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

The District Court held that Counts 1 through 3 of Paluch's complaint were time-barred.[2] In § 1983 cases, federal courts apply the state personal injury statute of limitations, which is two years in Pennsylvania. See Smith v. Holtz, 87 F.3d 108, 111 & n.2 (3d Cir. 1996); 42 Pa. Cons. Stat. Ann. § 5524 (West 2004). "A [§] 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). Because exhaustion of prison administrative remedies is mandatory under the Prison Litigation Reform Act, the statute of limitations applicable to § 1983 actions may

---

[2] Although the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record. See, e.g., Jones v. Bock, 549 U.S. 199, 215 (2007) (stating that if the allegations in a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

be tolled while a prisoner exhausts. See Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001). In concluding that Counts 1 through 3 were time-barred, the District Court reasoned that all of those claims stemmed from the alleged assault on September 9, 2004, which occurred nearly 5 years before he filed his complaint, and that Paluch did not demonstrate a basis for tolling the statute of limitations. We agree that Counts 1 through 3 accrued in September 2004. Although Paluch's complaint did not include any information that indicated tolling was warranted, the record in the Dawson case, over which Judge Rambo also presided, demonstrates that Paluch attempted to seek relief through the administrative process from September 10, 2004, through January 24, 2005, when his final appeal to the Secretary's Office of Inmate Grievances and Appeals was denied. See Paluch v. Dawson, M.D. Pa. Civ. No. 06-cv-01751, Doc. No. 228, 42-49. Thus, the statute of limitations applicable to Counts 1 through 3 did not begin to run until January 2005. However, because Paluch did not file his complaint within two years of that date, those claims were barred by the statute of limitations.

In Count 4 of his complaint, Paluch alleged that SCI-Huntingdon and DOC officials failed to establish policies and procedures that allow for the preservation of evidence for prisoners' use in foreseeable litigation. The Department of Corrections' Policy DC-ADM 804 provides a mechanism for inmates to file grievances regarding problems they face while in prison, including abuse. Under DC-ADM 001, which details the policies and procedures prison staff employ for assessing inmates' allegations of

abuse, staff are required to preserve and submit as part of their investigative report, inter alia, "any videos or photographs related to the alleged incident." Pa. DOC DC-ADM 001 § 1(C)(1)(c). Thus, it is clear that the DOC has policies in place designed to ensure that relevant video evidence is preserved.

Paluch alleged in Count 5 that, by failing to preserve the video surveillance footage, Defendant Fisher unconstitutionally deprived Paluch of his ability to substantiate his claims in the Dawson case. The thrust of Paluch's claim is not entirely clear, though his argument can be read as asserting a cause of action for Fisher's alleged spoliation. To that end, Paluch has pointed to no authority that allows for a freestanding spoliation action under federal law and, to the extent that he sought to invoke the District Court's supplemental jurisdiction, Pennsylvania has not recognized an independent action for spoliation. See Pyeritz v. Commonwealth, 956 A.2d 1075, 1082 (Pa. Commw. Ct. 2008), allowance of appeal granted, 969 A.2d 1183 (Pa. 2009).[3]

Paluch also alleged in Count 5 that, by failing to properly investigate Paluch's abuse claim, Fisher acted with deliberate indifference and failed to protect him. Although the District Court did not address this claim, dismissal under § 1915(e) was appropriate because there is no apparent obligation for prison officials to investigate prison grievances. See Inmates of Attica Corr. Facility v. Rockefeller, 477 F.2d 375, 382

---

[3] We note that, although the question whether Pennsylvania recognizes a tort claim for spoliation is presently before the Pennsylvania Supreme Court in Pyeritz, no such cause of action was recognized at any time during Paluch's proceedings in the District Court or during the course of this appeal.

(2d Cir. 1973).

On appeal, Paluch argues that the District Court erred in denying his motion for reconsideration. We review the denial of a motion to reconsider for abuse of discretion. See Caver v. City of Trenton, 420 F.3d 243, 258 (3d Cir. 2005). To prevail on a motion for reconsideration, a litigant must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). In his motion to reconsider, Paluch raised several arguments challenging the District Court's analysis of his claims. For the reasons discussed above, dismissal was appropriate and his arguments are unpersuasive. Moreover, there is no merit to Paluch's argument in his motion for reconsideration, which he reiterates on appeal, that Judge Rambo rendered unfavorable decisions because she was biased against him. Adverse rulings, without more, are insufficient to warrant recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994). Paluch has provided no reason, other than his own dissatisfaction with Judge Rambo's rulings, to conclude that he was treated unfairly.[4]

Accordingly, we will affirm. Paluch's motion for leave to conduct an evidentiary hearing is denied.

---

[4] For the same reason, we are not concerned by the fact that Paluch has since filed a lawsuit against Judge Rambo or that she has recused in the Dawson case.