**James A. PALUCH, Jr., Appellant**

v.

**John A. PALAKOVICH, Chris Chambers, Teresa M. Law, McGinnes Physician's Assistant, Leedom–Lieutenant, Raymond W. Dorian and Greenaway–Corrections Officer.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 13, 2013.

Decided Jan. 29, 2014.

James A. Paluch, Jr., pro se.

Jaime B. Boyd, Assistant Counsel, Mechanicsburg, for appellees.

BEFORE: LEADBETTER, Judge, and LEAVITT, Judge, and COVEY, Judge.

OPINION BY Judge LEAVITT.

James A. Paluch, Jr., *pro se,* appeals an order of the Court of Common Pleas of Cumberland County (trial court) denying his petition for leave to proceed *in forma pauperis* for the stated reason that his tort action was barred by the statute of limitations. Paluch, who is incarcerated at the State Correctional Institution (SCI) at Greene, seeks to recover damages for several items of personal property he alleges were lost or damaged while he was incarcerated at SCI–Camp Hill. Paluch asserts that the trial court erred in *sua sponte* raising the question of the timeliness of his tort action. Alternatively, Paluch asserts that the statute of limitations for his tort claim was tolled by his pursuit of his prison grievance remedies. Discerning no merit to these arguments, we affirm.

Paluch has been incarcerated on a life sentence for murder since 1991. On September 29, 2009, he was temporarily transferred from SCI–Smithfield to SCI–Camp Hill; he returned to SCI–Smithfield on

October 30, 2009. On January 9, 2012, Paluch filed a praecipe for issuance of a writ of summons and a petition for leave to proceed *in forma pauperis*. The trial court ordered Paluch to file a complaint and held his petition to proceed *in forma pauperis* in abeyance.

On March 22, 2012, Paluch filed a complaint against several Department of Corrections employees.[1] Paluch claimed that while he was incarcerated at SCI–Camp Hill his 17 year-old manual typewriter was damaged. He also claimed the loss of a comb, typewriter ribbon and four packages of instant soup as well as the loss of certain documents he needed to prepare an action against SCI–Huntingdon. These documents included an SCI–Huntingdon meal menu, various letters and prison correspondence. Finally, Paluch claimed that he was improperly charged a $5.00 co-payment for a healthcare service he received while he was at SCI–Camp Hill.

Paluch's complaint contained twenty counts, including claims of negligence, supervisor liability, obstruction of justice, conversion of chattel, breach of bailment, failure to train and intentional infliction of emotional distress. Paluch alleged his constitutional rights were violated because his property was taken in retaliation for a book he authored about the prison system[2] and for lawsuits he had filed against prison employees. Paluch also claimed that the taking of his property constituted an unlawful search and seizure, a violation of his privacy, and a campaign of harassment in violation of his civil rights.

On March 30, 2012, the trial court denied Paluch's petition to proceed *in forma pauperis* as frivolous and dismissed his lawsuit under Pennsylvania Rule of Civil Procedure No. 240(j)(1).[3] In doing so, the trial court held that the complaint sounded in tort and was based upon actions of the defendants that were alleged to have occurred in 2009. Because Paluch did not file his writ of summons until January 9, 2012, his lawsuit was barred by Pennsylvania's two-year statute of limitations for tort actions. *See* 42 Pa.C.S. § 5524.[4]

---

1. Paluch named the following defendants: John A. Palakovich, the Superintendent at SCI–Camp Hill; Chris Chambers, manager of the Restricted Housing Unit at SCI–Camp Hill; Teresa A. Law, healthcare administrator at SCI–Camp Hill; "Physician's Assistant McGinnes" at SCI–Camp Hill; "Lieutenant Leedom" at SCI–Camp Hill; Raymond W. Dorian, an attorney for the Department of Corrections; and Corrections Officer Greenaway, the Restricted Housing Unit property officer at SCI–Camp Hill.

2. Paluch published a book in 2003 detailing his experiences serving a life sentence in the Pennsylvania prison system.

3. Pennsylvania Rule of Civil Procedure 240(j)(1) permits a court to dismiss a petition to proceed *in forma pauperis* and the underlying action if the action is frivolous. It provides in relevant part:

 If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

 *Note:* A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

 Pa. R.C.P. No. 240(j)(1).

4. It states:

 The following actions and proceedings must be commenced within two years:

 * * *

 (3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.

 * * *

 (7) Any other action or proceeding to recover damages for injury to person or

■ On appeal,[5] Paluch argues that the trial court erred by deciding *sua sponte* that his underlying action was barred by the statute of limitations. He also argues that some of his claims are federal claims and that the statutes of limitations on his federal claims were tolled while he was pursuing administrative remedies. Further, even if only state tort claims were pleaded, the statute of limitations should have tolled under Pennsylvania law while he was pursuing administrative remedies.

We begin with a review of Section 6602(e)(2) of Pennsylvania's Prison Litigation Reform Act (PLRA), which authorizes a trial court to dismiss an inmate's complaint in certain circumstances. It states, in relevant part, as follows:

(e) Dismissal of litigation.—Notwithstanding any filing fee which has been paid, the court *shall* dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:

 * * *

(2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted *or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.*

The court may reinstate the prison conditions litigation where the dismissal is based upon an untrue allegation of indigency and the prisoner establishes to the satisfaction of the court that the untrue information was not known to the prisoner.

42 Pa.C.S. § 6602(e)(2) (emphasis added). Section 6602(e)(2) required the trial court to consider any valid affirmative defenses that would preclude relief, and this includes the statute of limitations. In short, the trial court did not err in raising the issue *sua sponte*.[6]

The heart of Paluch's appeal is that the statute of limitations should have been tolled while he was exhausting his administrative grievance remedies. In support, Paluch attaches to his brief a final decision from the Secretary's Office of Inmate Grievances & Appeals dated January 11, 2010. The final decision states that Paluch's grievance was dismissed because the "[g]rievance or appeal was not submitted

---

property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.
42 Pa.C.S. § 5524.

**5.** Our scope of review of the denial of a petition to proceed *in forma pauperis* because the underlying lawsuit is frivolous is limited to determining whether constitutional rights were violated, or whether the trial court abused its discretion or committed legal error. *Thomas v. Holtz*, 707 A.2d 569, 570 n. 2 (Pa.Cmwlth.1998).

**6.** Paluch also claims that the trial court's dismissal of his complaint denies him due process of law. Dismissal is expressly authorized under Pennsylvania Rule of Civil Procedure No. 240(j) as well as Section 6602(e) of the PLRA. Paluch does not challenge the constitutionality of either Section 6602(e) of the PLRA or Pennsylvania Rule of Civil Procedure 240(j). In any case, this Court has held that "there is no fundamental right to proceed in court *in forma pauperis*" and "[n]either prisoners nor indigents constitute a suspect class." *Smolsky v. Pennsylvania General Assembly*, 34 A.3d 316, 320 n. 3 (Pa.Cmwlth. 2011). As explained by the United States Supreme Court, "[d]epriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the punishment of . . . sanctions." *Lewis v. Casey*, 518 U.S. 343, 353 n. 3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

timely." Appellant's Brief, Exhibit A. Paluch contends that his writ of summons, which he filed on January 9, 2012, was filed within two years of the final grievance decision and was therefore timely.

 In support of his tolling argument, Paluch cites to an unreported decision of the United States Court of Appeals for the Third Circuit, *i.e., Paluch v. Secretary Pennsylvania Department Corrections,* 442 Fed.Appx. 690 (3d Cir.2011). In that case, Paluch brought suit against prison officials for failing to protect him from an inmate assault. Some of the counts of his complaint were deemed time-barred by the district court based on the applicable statute of limitations.[7] On appeal, the Third Circuit explained that because exhaustion of prison administrative remedies is mandatory under the federal Prison Litigation Reform Act, 42 U.S.C. § 1997e(a),[8] the statute of limitations was tolled while the prisoner exhausts those remedies.[9]

 A decision of a federal court does not have precedential effect upon this Court. More importantly, Pennsylvania's PLRA does not contain an exhaustion requirement comparable to that in Section 1997e(a) of the federal PLRA. Therefore, the Third Circuit's interpretation and application of Section 1997e(a) of the federal PLRA has no value here. Notably, the Department's regulations governing the inmate grievance system expressly state that "[i]nmates may also pursue available remedies in State and Federal court." 37 Pa.Code § 93.9(b).

 Even assuming, *arguendo,* that Paluch's complaint includes federal claims, to which federal law would apply, Paluch's "tolling while exhausting" argument is belied by his own evidence, which supports the conclusion that he did not exhaust his administrative remedies. Under Section 1997e(a), an inmate must exhaust the administrative remedies available at the state prison. *Williams v. Beard,* 482 F.3d 637, 639 (3d Cir.2007). " '[P]roper exhaustion' [means] that the prisoner must comply with all the administrative requirements and not merely wait until there are no administrative remedies 'available.' " *Id.* (citing *Spruill v. Gillis,* 372 F.3d 218, 234 (3d Cir.2004) (holding that a procedural default in exhausting administrative remedies bars relief in federal court)).

 The "administrative remedies available at the state prison level" are set forth in the Department's policy DC–ADM 804.[10] *See* 37 Pa.Code § 93.9. DC–ADM 804 requires an inmate, who has received an initial determination on his grievance, to appeal to the facility manager and, thereafter, seek final review with the Department. If the inmate fails to complete each of these steps, he has failed to exhaust his administrative remedies. *See Humphrey v. Department of Corrections,* 939 A.2d 987, 993 (Pa.Cmwlth.2007) (where inmate

---

7. The Third Circuit noted that as to the federal claims "the federal courts apply the state personal injury statute of limitations, which is two years in Pennsylvania." *Paluch,* 442 Fed. Appx. at 693–94.

8. It provides:
 (a) Applicability of administrative remedies No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administra-

tive remedies as are available are exhausted.
42 U.S.C. § 1997e(a).

9. Because Paluch had filed his complaint five years after the assault occurred, his complaint remained time-barred.

10. The policy is accessible online at the following URL: *http://www.portal.state.pa.us/ portal/server.pt/document/919465/804_inmate_ grievances_pdf.*

did not allege he made a timely appeal to the facility manager or the Department he failed to exhaust administrative remedies). *See also Salter v. Lamas,* 2013 WL 5526322 (Pa.Cmwlth., No. 369 C.D.2013, filed Oct. 4, 2013), slip op. at 10 ("[W]hen an inmate fails to appeal the denial of his grievance to final review with the Department, he has failed to exhaust his administrative remedies under Section 93.9 and DC–ADM 804.").

Paluch's grievance was dismissed because his "[g]rievance or appeal was not submitted timely." Appellant's Brief, Exhibit A. Because Paluch's own evidence establishes that he failed to pursue his administrative remedy in a timely manner, he did not exhaust his administrative remedies. *Williams v. Beard,* 482 F.3d at 639. Accordingly, Paluch did not toll the statute of limitations for pursuing a tort claim.

For all of the above reasons, the order of the trial court is affirmed.

### *ORDER*

AND NOW, this 29th day of January, 2014, the order of the Court of Common Pleas of Cumberland County dated March 30, 2012, in the above-captioned matter is hereby AFFIRMED.

