# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Lusik,  :
                Petitioner  :
   :
         v.  :   No. 405 M.D. 2017
   :   Submitted: October 12, 2018
Pennsylvania State Police,  :
SCI-Albion Parole Office,  :
PA Department of Corrections,  :
                Respondents  :

**BEFORE:**     **HONORABLE RENÉE COHN JUBELIRER,** Judge
                    **HONORABLE PATRICIA A. McCULLOUGH,** Judge
                    **HONORABLE CHRISTINE FIZZANO CANNON,** Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                **FILED: November 26, 2018**

Before us in our original jurisdiction are the Preliminary Objections (POs) of State Correctional Institution (SCI)-Albion Parole Office and PA Department of Corrections (collectively, DOC) and the Pennsylvania State Police (PSP) to the pro se Petition for Review in the Nature of Declaratory and Injunctive Relief (Petition) filed by David Lusik (Petitioner). Petitioner alleges that he is being denied release on parole because he refuses to comply with the Sex Offender Registration and Notification Act (SORNA),[1] which, he claims, cannot be applied to him without

---

[1] Sections 9799.10 to 9799.41 of the Sentencing Code, 42 Pa. C.S. §§ 9799.10-9799.41, effective December 20, 2012. SORNA was amended by Act of February 21, 2018, P.L. 27 (Act **(Footnote continued on next page…)**

running afoul of the protections against *ex post facto* laws found in the United States and Pennsylvania Constitutions.[2] *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), *cert denied*, 138 S. Ct. 925 (2018). PSP argues that the Petition should be dismissed because it is not yet ripe for adjudication as Petitioner has no obligation to register under SORNA until he is paroled and, in any event, PSP has no control over whether Petitioner is released to parole because that power is exclusively reserved to the Pennsylvania Board of Probation and Parole (Board). Additionally, PSP argues the Petition should be dismissed as moot because SORNA has been replaced with Act 10 of 2018 (Act 10), 42 Pa. C.S. §§ 9799.10-9799.75 (SORNA II), and Petitioner has not sought to amend his Petition to include a claim based on SORNA II.[3] DOC also argues that the Petition is moot because SORNA II has replaced SORNA. In addition, DOC contends the Petition should be dismissed because Petitioner is attempting to collaterally attack the criminal judgment of sentence against him, which should be brought in the court of common pleas pursuant to the Post Conviction Relief Act (PCRA).[4] We overrule the POs of PSP and DOC based on the matter being unripe for adjudication, and the PO of DOC that the Petition should be dismissed because Petitioner is

---

**(continued…)**
10). Act of June 12, 2018, P.L. 140 (Act 29) reenacted and amended various provisions of Act 10. We refer to Act 10 and Act 29 as SORNA II.

[2] Article I, section 17 of the Pennsylvania Constitution provides, "No *ex post facto* law . . . shall be passed." Pa. Const. art. I, § 17. The United States Constitution has two provisions that prohibit *ex post facto* laws, one, contained in Article I, Section 9, Clause 3 of the United States Constitution, U.S. Const. art. I, § 9, cl. 3, which applies to Congress, and the other, contained in Article I, Section 10, Clause 1 of the United States Constitution, U.S. Const. art. I, § 10, cl. 1, which applies to the states.

[3] PSP and DOC refer to Act 10 in their papers, rather than Act 29, seemingly because those papers were filed at or around the time the General Assembly enacted Act 29.

[4] 42 Pa. C.S. §§ 9541-9546.

attempting to collaterally attack the criminal judgment of sentence against him. We grant Petitioner leave to file an amended petition for review alleging that he is not required to register as a sex offender pursuant to SORNA II and, therefore, we dismiss as moot the POs of PSP and DOC to dismiss the Petition for mootness.

## I.   BACKGROUND

On September 12, 2017, Petitioner filed the Petition in our original jurisdiction.  Petitioner alleges that in July 1994, following a jury trial, he was convicted of several offenses, including two counts of involuntary deviate sexual intercourse (IDSI), Section 3123 of the Crimes Code, 18 Pa. C.S. § 3123, for which he received a sentence of imprisonment of 11 to 30 years.[5]  Since reaching his minimum date in 2005, Petitioner alleges, he has refused to comply with SORNA and, as a result, the Board has refused to parole him.  Further, PSP and DOC have informed Petitioner that he will not be released from prison until he complies with SORNA.  SORNA, however, Petitioner alleges, cannot be applied to him without violating the constitutional prohibitions against *ex post facto* laws since he was convicted in 1994, prior to SORNA or any other law, such as 42 Pa. C.S. §§ 9791-9799 (expired) (known as Megan's Law I), requiring a sex offender to register.  *See Muniz*, 164 A.3d at 1223.  Petitioner seeks a declaration that SORNA is unconstitutional as applied to him and that he is exempt from registering under SORNA.

Thereafter, Petitioner applied for *in forma pauperis* status, which we granted.  However, DOC and PSP moved that Petitioner's *in forma pauperis* status

---

[5] Although Petitioner does not allege in the Petition the specific nature of his convictions, he does so in other filings.

3

be revoked because he is an abusive litigator, Section 6602(f) of the Prison Litigation Reform Act, 42 Pa. C.S. § 6602(f), which this Court granted. *Lusik v. Pa. State Police* (Pa. Cmwlth., No. 405 M.D. 2017, filed May 9, 2018) (McCullough, J., single judge op.), slip op. at 12 (*Lusik I*). The opinion included a footnote, stating that it appeared that Petitioner was waging "a collateral attack to [his] criminal judgment of sentence, as that sentence has been retroactively modified by SORNA," which "the Court, acting *sua sponte*, could utilize . . . as an independent ground upon which to dismiss the action." *Id.*, slip op. at 11 n.11. The opinion noted that a collateral attack on a criminal judgment of sentence may not be brought via a civil suit but pursuant to the PCRA in common pleas. However, given the "ruling on the [m]otion, [the Court was] not inclined to" dismiss the action. *Id.*

PSP and DOC then separately filed POs seeking to dismiss the Petition. PSP contends that since Petitioner is currently incarcerated and, therefore, not obligated to register, 42 Pa. C.S. § 9799.15(c)(1)(i),[6] the matter is not yet ripe for adjudication. In any event, PSP argues that it cannot deny Petitioner parole, that authority is reserved exclusively to the Board, and PSP's only involvement is in maintaining the sex offender registry. 42 Pa. C.S. § 9799.16(a). Moreover, Petitioner will not be placed on the registry until he is paroled and, therefore, for this alternative reason, the matter is not ripe for review. Additionally, PSP argues that the Petition should be dismissed as moot since it is based on Petitioner's obligation to register under SORNA, but the General Assembly has **replaced** SORNA with SORNA II. While, PSP notes, Petitioner has referred to SORNA II

---

[6] Section 9799.15(c)(1)(i) tolls the period of registration for the period of time in which a convicted sexual offender is, as relevant here, incarcerated in a state correctional institution.

4

in his various filings with this Court, he has not filed an amended pleading in response to the POs, as permitted by Rule 1028(c) of the Pennsylvania Rules of Civil Procedure. Pa.R.C.P. No. 1028(c). Therefore, PSP asserts, the Petition should be dismissed.

DOC also seeks dismissal of the Petition on the basis that the General Assembly's passage of SORNA II renders Petitioner's challenge to SORNA moot. Additionally, based on footnote 11 in *Lusik I*, DOC argues that the Petition should be dismissed for failure to state a claim.

In various filings opposing the POs of PSP and DOC, Petitioner argues, citing *Gregory v. Pennsylvania State Police*, 160 A.3d 274, 276-78 (Pa. Cmwlth. 2017) (Cohn Jubelirer, J., single judge op),[7] that this matter is ripe for adjudication because by operation of law, he will be required to comply with SORNA before he is paroled. Petitioner states that his parole agent has told him that he will not be paroled until he complies with SORNA. Further, delaying adjudication until after he is released will result in a hardship because by then his information will be on PSP's public internet website, which will harm his reputation and make it difficult for him to obtain employment and housing. 42 Pa. C.S. § 9799.28(b) (specifying the information required to be placed on PSP's public internet website). Regarding SORNA II, while Petitioner has not filed an amended pleading nor asked for leave to amend his pleading, he asks us to take judicial notice of SORNA II. Petitioner argues, in his subsequent filings, that SORNA II, by its own terms, does not apply to him because he was convicted of IDSI in 1994, and SORNA II states that it

---

[7] In accordance with Section 414(b) of the Internal Operating Procedures (IOP) of the Commonwealth Court, a reported single-judge opinion of this Court may be cited for its persuasive value. 210 Pa. Code § 69.414(b).

5

applies to "individuals who were . . . convicted of a sexually violent offense committed on or after April 22, **1996**, but before December 20, 2012 . . . ." 42 Pa. C.S. § 9799.52(1) (emphasis added). Petitioner states that he would be prejudiced if this matter is "dismissed based on form over substance," because of his failure to file an amended pleading, as he cannot afford another filing fee. (Petitioner's Opposition to DOC's POs ¶ 22.)

The POs are now ready for disposition.

## II. DISCUSSION

When faced with POs, "we must accept as true all well-pled material allegations in the petition for review, as well as all inferences reasonably deduced from those allegations." *Doe v. Miller*, 886 A.2d 310, 314 (Pa. Cmwlth. 2005), *aff'd per curiam*, 901 A.2d 495 (Pa. 2006). However, we are "not required to accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinions." *Id.* In order to sustain a PO, "it must appear with certainty the law will not permit recovery, and any doubts should be resolved by a refusal to sustain them." *Id.*

### A. Ripeness

As we have explained when faced with challenges to standing and ripeness in similar cases, there is "'considerable overlap' between standing and ripeness." *Padgett v. Noonan* (Pa. Cmwlth., No. 412 M.D. 2017, filed July 30, 2018), slip op. at 5 (quoting *Yocum v. Pa. Gaming Control Bd.*, 161 A.3d 228, 234 (Pa. 2017)).[8]

---

[8] *Padgett* is cited for its persuasive value in accordance with Section 414(a) of the IOP of the Commonwealth Court. 210 Pa. Code § 69.414(a).

The two concepts, however, are distinct "insofar as ripeness also reflects the separate concern that relevant facts are not sufficiently developed to permit judicial resolution of the dispute." *Yocum*, 161 A.3d at 234 (citation omitted). Ripeness requires that there be an actual controversy, with consideration given to "whether the issues are adequately developed and the hardships that the parties will suffer if review is delayed." *Padgett*, slip op. at 5 (citations omitted).

Again, PSP and DOC argue that the Petition should be dismissed because Petitioner's obligation to register is tolled while he is incarcerated and, therefore, this matter is not ripe for our review.

In *Gregory*, we overruled POs based on lack of standing and ripeness where the petitioner was incarcerated on a sex offense but had been granted parole and was to be released upon approval of a home plan. *Gregory*, 160 A.3d at 275. In doing so, we relied on *Williams v. Department of Corrections* (Pa. Cmwlth., No. 353 M.D. 2014, filed Oct. 15, 2015) (en banc),[9] where a class of inmates sentenced to death challenged the lethal injection protocol in this Court's original jurisdiction. DOC objected to the petition, claiming that those inmates who did not have an active death warrant or who had their executions judicially stayed lacked standing and the matter was not ripe. *Gregory*, 160 A.3d at 277 (citing *Williams*, slip op. at 19-21). We ruled in *Williams* that, because all the petitioners had been sentenced to death and were then residing on death row, the matter was ripe for review and the petitioners had standing to challenge the execution process and the drugs used to cause death. *Williams*, slip op. at 19, 21. Applying *Williams'* reasoning, we held in *Gregory* that the matter was ripe for adjudication. We

---

[9] *Williams* is cited for its persuasive value in accordance with Section 414(a) of the IOP of the Commonwealth Court. 210 Pa. Code § 69.414(a).

7

explained that it "would add little" to wait for SORNA to be imposed on the petitioner since the legal issue had been fully developed for judicial review. *Gregory*, 160 A.3d at 277-78. Further, we highlighted that the petitioner would suffer hardship if review was delayed until PSP put him on the registry, since the registry would contain his personal information because he was required to provide that information before he was released. *Id.* at 278.

Although in *Gregory*, the petitioner had been granted parole and was to be released, and Petitioner here is incarcerated and may continue to be incarcerated until his maximum date in 2024, this difference does not render this matter unripe for review. We have held, relying on *Gregory*, that even where an inmate's release is not imminent, his challenge to SORNA as violating the prohibition against *ex post facto* laws is still ripe for review. *See Beers v. Pa. State Police* (Pa. Cmwlth., No. 338 M.D. 2018, filed Aug. 29, 2018), slip op. at 2-3 (overruling PO based on the matter not being ripe where inmate, who had served 10 years of 10- to 25-year sentence, challenged SORNA as violating the *ex post facto* clauses of the United States and Pennsylvania Constitutions)[10]; *Padgett*, slip op. at 6-8 (where inmate had served 20 years of a 15- to 30-year sentence, this Court overruled PO that inmate's *ex post facto* challenge to SORNA was not ripe for review).

The reasoning set forth in *Beers*, *Padgett*, *Gregory*, and *Williams* is persuasive and, therefore, we conclude that although Petitioner is currently incarcerated and may remain so until 2024, the matter is nonetheless ripe for review because delaying resolution of this matter would add little to our review. Further, if we were to delay review, Petitioner, as he alleges, will not be released

---

[10] *Beers* is cited for its persuasive value in accordance with Section 414(a) of the IOP of the Commonwealth Court. 210 Pa. Code § 69.414(a).

on parole and, even if released, his personal information would be displayed on PSP's public internet website, both of which would be hardships.[11] Therefore, the POs of PSP and DOC requesting the dismissal of the Petition because Petitioner's incarceration renders the matter unripe for review must be overruled.

As an alternative reason for dismissing the matter as not ripe for review, PSP contends that only the Board has the authority to grant or deny Petitioner parole and PSP just maintains the registry. However, Petitioner will not be placed on the registry until he is granted parole, and therefore the Petition should be dismissed against PSP. We are not persuaded by PSP's contention because the relief Petitioner seeks includes a declaration that he is exempt from registering as a sex offender. (Petition ¶ 16.) Since PSP is charged by law with maintaining the registry of sex offenders, 42 Pa. C.S. § 9799.16(a), and for the reasons we have already explained regarding the development of the legal issues and the hardships Petitioner is facing, the matter is ripe for review against PSP.

## B.        Mootness

In general, a court will not decide a moot question. *Pub. Defender's Office of Venango Cty. v. Venango Cty. Ct. of Common Pleas*, 893 A.2d 1275, 1279 (Pa. 2006). Rather, there must be an actual controversy at every stage of the judicial process. *Cty. Council of the Cty. of Erie v. Cty. Exec. of the Cty. of Erie*, 600 A.2d 257, 259 (Pa. Cmwlth. 1991). "A case is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing

---

[11] Petitioner's allegation that he will not be released on parole until he complies with SORNA or, now, SORNA II, appears consistent with Section 9799.56(a)(4), 42 Pa. C.S. § 9799.56(a)(4).

controversy." *Chruby v. Dep't of Corr.*, 4 A.3d 764, 770 (Pa. Cmwlth. 2010) (internal quotation marks and citation omitted). Due to an intervening change in the applicable law or the facts of the case, an issue may become moot. *Pub. Defender's Office of Venango Cty.*, 893 A.2d at 1279.

PSP and DOC argue that this matter is moot because the General Assembly has replaced SORNA with SORNA II, and Petitioner neither filed an amended pleading[12] nor sought our permission to do so.

We, however, are mindful of the fact that our Supreme Court has expressly recognized that rules of procedure are to be "liberally construed to secure the just, speedy[,] and inexpensive determination of every action or proceeding to which they are applicable." Pa.R.C.P. No. 126. Where a pro se litigant is concerned, we "may liberally construe materials filed by" him. *Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014). As it concerns leave to amend a pleading, it should be freely allowed absent prejudice or surprise. *Bd. of Supervisors of Willistown Twp. v. Main Line Gardens, Inc.*, 184 A.3d 615, 627-28 (Pa. Cmwlth.), *petition for allowance of appeal denied* (Pa., Nos. 371-376 MAL 2018, filed Oct. 29, 2018). Leave to amend may be requested in opposition to POs (or at any time) and a court, even on its own motion, may permit amendment of a pleading. *Sobat v. Borough of Midland*, 141 A.3d 618, 627 (Pa. Cmwlth. 2016); *see* Pa.R.C.P. No. 1033(a) (permitting a party by consent or leave of court to amend a pleading "at any time").

As noted, while Petitioner has not formally sought leave to amend the Petition, he has highlighted in various filings that the General Assembly has

---

[12] Petitioner did not file an amended pleading within 30 days after service of the POs. Pa.R.C.P. No. 1028(c)(1).

10

enacted SORNA II, which the General Assembly has specifically declared is designed to address our Supreme Court's decision in *Muniz.* 42 Pa. C.S. §§ 9799.11(b)(4), 9799.51(b)(4). Further, Petitioner has argued in those filings that SORNA II does not apply to him because he was convicted in July **1994**, and SORNA II applies to "individuals who were . . . convicted of a sexually violent offense committed on or after April 22, **1996**, but before December 20, 2012 . . . ." 42 Pa. C.S. § 9799.52(1) (emphasis added).[13] Therefore, Petitioner contends, he "is completely exempt from [SORNA II] and it is null and void under law to him." (Petitioner's Opposition to PSP's POs ¶ 13.) Based on the foregoing, we construe Petitioner's filings in opposition to the POs as a request for leave to amend the Petition, and grant leave for him to do so. We see no prejudice or surprise to PSP or DOC in granting leave to amend the Petition, particularly at this early stage of the litigation. Petitioner's filing of an amended petition will not require him to pay another filing fee. Our granting to Petitioner leave to amend the Petition renders the POs of PSP and DOC to dismiss the Petition for mootness themselves moot. *Hionis v. Concord Twp.*, 973 A.2d 1030, 1036 n.7 (Pa. Cmwlth. 2009) (noting that POs to an original pleading are rendered moot by the filing of an amended pleading).

### C. Collateral Attack on Petitioner's Criminal Judgment of Sentence

DOC, citing footnote 11 of *Lusik I*, contends the Petition should be dismissed because Petitioner is attempting to collaterally attack the criminal

---

[13] Megan's Law I took effect on April 22, 1996, 42 Pa. C.S. § 9799.5 (expired), and SORNA took effect on December 20, 2012.

11

judgment of sentence against him, which should be brought in the court of common pleas pursuant to the PCRA. To review, in *Lusik I*, we stated as follows:

> [B]ecause "SORNA registration requirements are now deemed to be punitive and part of the criminal punishment imposed upon a convicted defendant," *Commonwealth v. Butler*, 173 A.3d 1212, 1215 (Pa. Super. 2017), the Petition can be viewed as a veiled means through which [Petitioner] is testing the legality of his criminal judgment of sentence. In Pennsylvania, a civil suit cannot be employed to collaterally attack the legality of a criminal sentence. *See Guarrasi v. Scott*, 25 A.3d 394, 402 (Pa. Cmwlth. 2011); *Keller v. Kinsley*, 609 A.2d 567, 568 (Pa. Super. 1992). The Court is cognizant that *Muniz* claims are being litigated under the rubric of the PCRA, 42 Pa. C.S. §§ 9541-9546; *see, e.g.*, *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 676-79 (Pa. Super. 2017), which is designed to provide the exclusive remedy for those individuals who are "serving unlawful sentences." Section 9542 of the PCRA, 42 Pa. C.S. § 9542; *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Atway v. Pallone*, 672 F.2d 1168, 1178 (3d Cir. 1982).
>
> Because it appears the Petition forwards a collateral attack to [Petitioner's] criminal judgment of sentence, as that sentence has been retroactively modified by SORNA, the Court, acting *sua sponte*, could utilize this as an independent ground upon which to dismiss the action. *See* [S]ection 6602(e)(2) of the [Prison Litigation Reform Act], 42 Pa. C.S. § 6602(e)(2) (stating, in pertinent part, that "the court shall dismiss prison conditions litigation at any time . . . if the court determines [the petition for review] fails to state a claim upon which relief may be granted."); *Paluch v. Palakovich*, 84 A.3d 1109, 1112 (Pa. Cmwlth. 2014). However, given its ruling on the [m]otion, the Court is not inclined to do so.

*Lusik I*, slip op. at 11 n.11. Based on this footnote, DOC argues that we should dismiss the Petition. However, in *Lusik I*, we did not hold that the Petition was, in fact, a collateral attack on the criminal judgment of sentence imposed against Petitioner, only that it could be viewed or "appear[ed]" to be as such. *Id.* We note that at the time Petitioner was sentenced, Megan's Law I had not yet been enacted

12

and, thus, the obligation to register could not have been part of his sentence at that time.[14] As in *Lusik I*, we again decline to dismiss the Petition on the basis that it is a veiled collateral attack on Petitioner's criminal judgment of sentence and should be brought in a court of common pleas pursuant to the PCRA. Further, post-*Muniz* challenges to a sex offender's obligation to register have often been brought in this Court. *Beers*; *Padgett*; and *J.J.M. v. Pa. State Police*, 183 A.3d 1109 (Pa. Cmwlth. 2018) (Cohn Jubelirer, J., single judge op.).[15] Therefore, we overrule DOC's PO to dismiss the Petition on this basis.

## III. CONCLUSION

Accordingly, we grant Petitioner leave to amend the Petition to include an allegation that he is not required to register as a sex offender under SORNA II. Petitioner must file and serve an amended petition for review including that allegation within 30 days of this Opinion and Order **or face dismissal**. The POs of PSP and DOC based on the matter being unripe for adjudication, and the PO of DOC that the Petition should be dismissed because Petitioner is attempting

---

[14] Megan's Law I did provide, however, that the obligation to register as a sex offender applied to those convicted of a specified offense "before the effective date of this section who remain under the jurisdiction of . . . [DOC]." 42 Pa. C.S. § 9799.5.

[15] In accordance with Section 414(b) of the IOP of the Commonwealth Court, a reported single-judge opinion of this Court may be cited for its persuasive value. 210 Pa. Code § 69.414(b).

to collaterally attack the criminal judgment of sentence against him are overruled. The POs of PSP and DOC to dismiss the Petition as moot are dismissed as moot.[16]

_____
**RENÉE COHN JUBELIRER,** Judge

---

[16] In addition, by Motions for Judicial Notice filed June 7, 2018, June 15, 2018, September 14, 2018, and September 25, 2018, Petitioner requested that we take judicial notice of, respectively, a newspaper article, our opinion in *J.J.M.*, a common pleas case, and Act 10. PSP and DOC did not object to any of these Motions. We do not need to take judicial notice of judicial opinions or statutes because these are sources of law upon which a court customarily relies. Therefore we will deny those Motions. We will also deny the Motion to take judicial notice of the newspaper article regarding an appellate case in Ohio as irrelevant. Petitioner also filed a Motion to Admit Docket Sheets and for Court to Allow Clerk to Assess Copying Fees with respect to *Johnson v. Noonan* (Pa Cmwlth., No. 343 M.D. 2017, filed July 17, 2018) and *Harley v. Pennsylvania State Police* (Pa. Cmwlth., No. 567 M.D. 2017, filed May 17, 2018). However, Petitioner seeks the docket sheets in those cases in order to oppose the POs to dismiss based on lack of ripeness and mootness. Since we have denied those POs, we deny Petitioner's request as moot.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Lusik, :
               Petitioner :
  :
       v. : No. 405 M.D. 2017
  :
Pennsylvania State Police, :
SCI-Albion Parole Office, :
PA Department of Corrections, :
            Respondents :

# **O R D E R**

**NOW**, November 26, 2018, we enter the following Order:

1.     David Lusik (Petitioner) is **GRANTED LEAVE** to amend the Petition for Review in the Nature of Declaratory and Injunctive Relief (Petition) to include an allegation that he is not required to register as a sex offender under the Act of June 12, 2018, P.L. 140, No. 29. **Petitioner is directed to file an Amended Petition for Review with this Court within 30 days** of this Order and to serve his Amended Petition for Review on Respondents. **Failure to do so will result in dismissal of the Petition for Review with prejudice.**

2.     The Preliminary Objections (POs) of State Correctional Institution (SCI)-Albion Parole Office and PA Department of Corrections (collectively, DOC) and the Pennsylvania State Police (PSP) to dismiss the Petition as moot are **DISMISSED** as moot.

3.     The POs of PSP and DOC to the Petition as not ripe for adjudication are **OVERRULED**.

4. The remaining PO of DOC is **OVERRULED**.

5. The Motions for Judicial Notice filed by Petitioner with this Court on June 7, 2018, June 15, 2018, September 14, 2018, and September 25, 2018, are **DENIED**.

6. The Motion to Admit Docket Sheets and for Court to Allow Clerk to Assess Copying Fees So Petitioner Can Receive Judicial Opinions in *Johnson v. Noonan* (Pa. Cmwlth., No. 343 M.D. 2017, filed July 17, 2018) and *Harley v. Pennsylvania State Police* (Pa. Cmwlth., No. 567 M.D. 2017, filed May 17, 2018), filed by Petitioner, is **DENIED** as moot in light of our resolution of the POs.

 

 

 

_____

**RENÉE COHN JUBELIRER,** Judge