DLD-293                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2040
_____

DOMINGO COLON-MONTANEZ,

Appellant

v.

PENNSYLVANIA HEALTHCARE SERVICE STAFFS; CHIEF COUNSEL STAFF;
POLICY MAKERS STAFF; PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
ROBERT TRETINIK; MICHAEL HERBIK; CHRISTOPHER MEYER; DARLA
COWDEN; PAUL DONEGAN; ELLSWORTH; BONNIE RITTENHOUSE;
PROPERTY STAFFS, a/k/a MAIL ROOM PROPERTY ROOM STAFFS;
ACCOUNTANT STAFFS; BUSINESS MANAGER; PROGRAM REVIEW
COMMITTEE STAFFS (PRC)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:09-cv-01547)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 20, 2013

Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: June 27, 2013)
_____

OPINION
_____

PER CURIAM

Domingo Colon-Montanez, a Pennsylvania inmate proceeding pro se, appeals from the District Court's orders partially granting the defendants' motions to dismiss and granting their motions for summary judgment. Because the appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

In 2006, while incarcerated at SCI Fayette, Colon-Montanez began to express concern about his Hepatitis C treatment. He was informed, however, that his liver function tests were normal and that he did not need further treatment because there had been no change in his condition. Approximately a year later, Colon-Montanez was seen by the Hepatitis C clinic; however, he refused viral load testing. Colon-Montanez was transferred to SCI Dallas in March 2008, where he continued to express concern about cancer and Hepatitis C. Throughout his time at SCI Dallas, he has been seen several times by the Hepatitis C clinic and has had blood work performed. On several occasions, medical personnel have informed Colon-Montanez that he has no signs of cancer and that his Hepatitis C has not progressed to a stage requiring further treatment.

Colon-Montanez filed his § 1983 complaint in November 2009, alleging violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, 18 U.S.C. §§ 241 and 242, and 42 U.S.C. §§ 1985 and 1986. The District Court partially granted the

2

defendants' motions to dismiss and dismissed all claims except Colon-Montanez's Eighth Amendment claims alleging inadequate medical care. Following discovery, the District Court granted the defendants' motions for summary judgment on Colon-Montanez's Eighth Amendment claims.[1] This appeal followed.

## II.

We have jurisdiction over the District Court's orders. 28 U.S.C. § 1291. We exercise plenary review over the District Court's partial dismissal and its subsequent grant of summary judgment. See Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Summary judgment is appropriate only when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We may summarily affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

Colon-Montanez's primary contention is that the defendants have violated his Eighth Amendment rights by providing inadequate medical treatment for his liver disease

---

[1] Colon-Montanez filed several motions for appointment of counsel throughout proceedings in the District Court. These were all denied.

and Hepatitis C.  As an initial matter, we agree that Colon-Montanez failed to exhaust his administrative remedies for his claims against defendants Rittenhouse and Donegan, as required under the Prison Litigation Reform Act ("PLRA").  Although some of his grievances did name Rittenhouse and Donegan, he either failed to pursue them through final appeal or failed to follow the proper grievance procedures as set forth by the Department of Corrections ("DOC").  See Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007) (prisoner must comply with all administrative requirements).

We also agree that Colon-Montanez failed to demonstrate that the medical defendants acted with deliberate indifference to his medical needs by "recklessly disregard[ing] a substantial risk of serious harm."  Giles, 571 F.3d at 330 (alteration in original); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The summary judgment record reflects that Colon-Montanez has never been diagnosed with liver cancer.  Furthermore, the medical defendants reviewed Colon-Montanez's medical history several times, examined him at the Hepatitis C clinic several times, and administered regular blood tests.  Overall, they determined that there have been no changes in Colon-Montanez's condition warranting further treatment.  While Colon-Montanez may not have received the transplants and treatment he desired, the record lacks any indication of deliberate indifference.  See Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) (Eighth Amendment does not guarantee an inmate's medical treatment of his choice).  Furthermore, although Colon-Montanez alleges that the DOC defendants were also

4

deliberately indifferent to his treatment, we have previously noted that correctional officials cannot be "considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by a prison doctor." Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993); see also Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Colon-Montanez has been treated by several medical professionals; therefore, the District Court properly granted summary judgment.

We further agree that the District Court was correct dismiss Colon-Montanez's other claims. As an initial matter, Colon-Montanez failed to allege any facts demonstrating the denial of any protected First Amendment activity or any unlawful search and seizure.[2] His Fifth Amendment claim is meritless, as the Fifth Amendment only applies to actions of the federal government. See Citizens for Health v. Leavitt, 428 F.3d 167, 178 n.11 (3d Cir. 2005). Furthermore, his Fourteenth Amendment due process claim was identical to his Eighth Amendment claims, and the District Court properly noted that he was required to bring his claim under the more specifically applicable Eighth Amendment. See Graham v. Connor, 490 U.S. 386, 395 (1989).

Colon-Montanez also alleged that the defendants violated 18 U.S.C. § 241, which criminalizes conspiracy against civil rights, and 18 U.S.C. § 242, which criminalizes the deprivation of rights under color of law. However, these criminal statutes provide no

---

[2] Even if Colon-Montanez had stated facts alleging a Fourth Amendment violation, "the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells." Hudson v. Palmer, 468 U.S. 517, 530 (1984).

private right of action for use by a litigant such as Colon-Montanez. See Gonzaga Univ. v. Doe, 536 U.S. 273, 283-84 (2002). Finally, we agree that Colon-Montanez failed to state a claim under 42 U.S.C. § 1985, as he did not allege that the defendants entered into a conspiracy motivated by "'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)) (emphasis omitted). Accordingly, Colon-Montanez's claim under 42 U.S.C. § 1986 fails, as liability under that statute is predicated on actual knowledge of a § 1985 violation.[3] See Clark v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir. 1994).

IV.

For the foregoing reasons, we will summarily affirm the District Court's judgment.[4] See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[3] Prior to partially granting the defendants' motions to dismiss, the District Court granted Colon-Montanez three extensions of time within which to file an amended complaint. Nevertheless, Colon-Montanez failed to file an amended complaint. Under these circumstances, the District Court need not have provided Colon-Montanez additional leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

[4] The District Court did not abuse its discretion in denying Colon-Montanez's multiple motions for appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993).