DLD-383 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 16-1109

---

DOMINGO COLÓN-MONTAÑEZ,

Appellant

v.

RICHARD KELLER; BART JOSEFOWICZ;
KEVIN MISKELL; MARK PALL; MR. PYZIA;
GARY L. GORDON; NORMAN DEMMING;
LAWRENCE MAHALLY; JEROME W. WALSH;
CHRIS PUTNAM; MICHAEL D. KLOPOTOSKY;
POLICY MAKERS; JOHN WETZEL;
LINDA L. KELLY

---

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3-13-cv-02564)
District Judge: Honorable A. Richard Caputo

---

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 18, 2016
Before: CHAGARES, GREENAWAY, JR. and GARTH, Circuit Judges

(Opinion filed: September 6, 2016)

---

OPINION[*]

PER CURIAM

Domingo Colón-Montañez appeals from the order of the District Court denying his motion for reconsideration and dismissing his complaint with prejudice. We will affirm.

I.

Colón-Montañez is a Pennsylvania inmate who was confined at SCI-Dallas but who has since been transferred. While confined at SCI-Dallas, Colón-Montañez filed suit pro se against numerous prison officials and other defendants. Colón-Montañez asserted several claims under 42 U.S.C. § 1983 and state law premised on the revocation of his "Z-code" status, which permitted him to be housed in a cell alone rather than with another inmate. In particular, Colón-Montañez claimed that: (1) all defendants conspired to revoke his Z-code status in retaliation for his filing of grievances regarding his medical care; (2) defendants revoked his status without due process; and (3) the revocation of his status violated the Eighth Amendment because it subjected him to possible assaults by other inmates. Colón-Montañez did not claim that he actually had been assaulted since the revocation of his Z-code status, but he sought both an injunction restoring that status and monetary damages.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). A Magistrate Judge recommended granting it without prejudice and with leave for Colón-Montañez to file an amended complaint. The Magistrate Judge also advised Colón-Montañez of his right to file objections. Colón-Montañez did not file any objections and, by order entered January 20, 2015, the District Court adopted the Magistrate Judge's recommendation. In its order, the District Court advised Colón-Montañez that he had 30 days to file an amended complaint and that it would dismiss the action with prejudice if he failed to do so.

Colón-Montañez then filed a motion for leave to file objections to the Magistrate Judge's report nunc pro tunc. He acknowledged receiving the report, but he argued that he could not timely object because he had been transferred to another facility. He did not raise any arguments regarding the Magistrate Judge's analysis or the merits of his claims. By order entered April 23, 2015, the District Court granted the motion, vacated its previous order, and gave Colón-Montañez approximately one more month to file objections. Colón-Montañez, however, once again did not file any objections. Thus, the District Court again adopted the Magistrate Judge's recommendation by order entered June 5, 2015. The order again advised Colón-Montañez that he had 30 days to file an amended complaint and that the court would dismiss the action with prejudice if he failed to do so.

In response to that order, Colón-Montañez filed both a motion for an extension of time to file a motion for reconsideration and a motion for an extension of time to file an

amended complaint. He claimed that he did not receive a copy of the District Court's April 23 order granting him leave to file objections nunc pro tunc. As before, he did not raise any arguments regarding the Magistrate Judge's analysis or the merits of his claims. The District Court nevertheless granted him an extension of time to file a motion for reconsideration or an amended complaint.

Colón-Montañez then filed a motion for reconsideration, but he did not file an amended complaint. In his motion, Colón-Montañez again complained that he had not timely received the District Court's April 23 order, and he again failed to raise any argument regarding the Magistrate Judge's analysis or the merits of his claims. Colón-Montañez also filed a motion for appointment of counsel and a temporary restraining order asserting that prison officials were restricting his ability to communicate with the courts. That motion too contained no mention of the merits of his claims.[1]

By order entered January 5, 2016, the District Court denied Colón-Montañez's motions and dismissed his complaint with prejudice. Colón-Montañez appeals.[2]

---

[1] Colón-Montañez asserted that he could not send as much legal mail or make as many copies as he would like because, inter alia, "the institution stole approximately $2,000 from my inmate account and illegally sent it to the Court of Common Pleas in Berks County[.]" (ECF No. 59 at 1.) Colón-Montañez appears to be referring to the Pennsylvania Department of Corrections' policy of deducting funds from inmate accounts to cover court-ordered fines and the like. Colón-Montañez previously challenged that policy in a separate suit, and we affirmed the entry of summary judgment against him on his claims. See Montañez v. Pa. Sec'y Dep't of Corr., 773 F.3d 472, 478-82 (3d Cir. 2014).

[2] In addition to filing his notice of appeal, Colón-Montañez filed with the District Court another motion for an extension of time to file another motion for reconsideration. He

II.

We will affirm. Colón-Montañez has never filed anything in the District Court or this Court challenging the Magistrate Judge's analysis of the merits of his claims. Even if we were to review them de novo, however, we would agree with that analysis for the reasons that the Magistrate Judge adequately explained. We add that Colón-Montañez's transfer from SCI-Dallas would appear to render moot his claims for injunctive relief against SCI-Dallas personnel based on alleged conditions at that facility. See Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993).[3]

---

also filed with both the District Court and this Court motions to stay this appeal pending a ruling on that motion. Our Clerk denied Colón-Montañez's motion for a stay in this Court, and he has not sought review of that action. His other motions remain pending in the District Court. In light of our Clerk's Order and the passage of time, it appears that the District Court does not intend to take any action on those motions. In any event, we do not construe them as motions that toll the effectiveness of Colón-Montañez's notice of appeal under Fed. R. App. P. 4(a)(4). Thus, we have jurisdiction under 28 U.S.C. § 1291.

[3] Colón-Montañez asserted state-law claims that the Magistrate Judge did not specifically address, but we construe the District Court's order of dismissal as declining to exercise supplemental jurisdiction over those claims. Colón-Montañez's complaint could be liberally construed to raise two other kinds of claims that the Magistrate Judge did not specifically address, but they lack merit. First, he asserts at various points that his imprisonment is unlawful because his conviction is invalid. Any claims in this regard lack merit because he has not succeeded in overturning his conviction, as he has attempted to do most recently in M.D. Pa. Civ. No. 3-15-cv-02442. See Montañez, 773 F.3d at 482 (citing Heck v. Humphrey, 512 U.S. 477 (1994)). Second, his prayer for relief contains an alternative request that he be transferred to a different facility for adequate treatment of his liver problems. Colón-Montañez did not actually develop any claim in that regard in this case, but he did in a separate suit and we affirmed the entry of summary judgment against him on his claims. See Colón-Montañez v. Pa. Healthcare Serv. Staff, 530 F. App'x 115, 117-18 (3d Cir. 2013). In addition to these claims, Colón-Montañez made numerous allegations regarding his treatment at different facilities before being transferred to SCI-Dallas in 2008. As the Magistrate Judge explained, he did not

We also perceive no abuse of discretion in the District Court's denial of reconsideration or further leave to amend. When the District Court finally dismissed Colón-Montañez's complaint with prejudice, he had had over one year since receiving the Magistrate Judge's report and over six months after the District Court adopted it a second time to articulate some argument on the merits or to file an amended complaint. None of his filings, however, even acknowledged the Magistrate Judge's analysis or argued the merits of his claims.

Finally, we perceive no abuse of discretion in the District Court's denial of Colón-Montañez's motions for counsel and a temporary restraining order. Colón-Montañez asserted that prison personnel were restricting his ability to access the courts, but he did not claim that they prevented him from submitting any specific objections, any materials in support of reconsideration, or an amended complaint. His assertions in that regard also are largely conclusory, and they are belied by his ability to continue filing documents both in this case and in his habeas proceeding at M.D. Pa. Civ. No. 3-15-cv-02442 during the relevant time. In this case, for example, he filed a reply brief in support of reconsideration in which he asserted that he had "strong objections" to the Magistrate Judge's recommendation. (ECF No. 58 at 2.) Even at that late stage, however, Colón-Montañez did not provide any indication of what those objections were.

III.

---

actually assert any claims in that regard against employees of his former prisons and any such claims would be barred by the two-year statute of limitations applicable to such

For these reasons, we will affirm the judgment of the District Court. Colón-Montañez's motion for appointment of counsel on appeal is denied.



claims. See Montañez, 773 F.3d at 480.